MAKAR *v.* PEOPLES WAYNE COUNTY BANK OF DEARBORN.

1. MORTGAGES—MORATORIUM—DISCRETION OF COURT.
   Granting of relief under the mortgage moratorium act is a matter of discretion for the trial court and will be sustained unless an abuse of discretion is affirmatively shown (Act No. 98, Pub. Acts 1933, as amended by Act No. 1, Pub. Acts 1937).

2. SAME—PURPOSE OF MORATORIUM ACT.
   The purpose of the moratorium act is to prevent valuable property from being sold at distress prices occasioned by an economic emergency and to give a mortgagor a chance to pre-

serve his equity and relief to that end may be granted provided the mortgagee's debt does not grow larger during the moratorium period (Act No. 98, Pub. Acts 1933, as amended by Act No. 1, Pub. Acts 1937).

3. SAME—PAYMENTS—PRESERVATION OF MORTGAGEE'S INTEREST.
      Order granting mortgagor relief on petition filed shortly before expiration of period of redemption from foreclosure sale for $6,441.55 of property, valued at $7,000 at time moratory order was entered requiring mortgagor to pay $60 monthly less cost of repairs ordered to be made, *held*, not an abuse of discretion, there being a sufficient payment required to preserve the mortgagee's interest (Act No. 98, Pub. Acts 1933, as amended by Act No. 1, Pub. Acts 1937).

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—STATEMENT OF QUESTIONS INVOLVED.
      Question as to constitutionality of mortgage moratorium act which was not raised on the hearing before the trial court, no error assigned on such ground and appearing for first time on appeal in statement of questions involved *held*, not before Supreme Court for review (Act No. 98, Pub. Acts 1933, as amended by Act No. 1, Pub. Acts 1937).

5. COSTS—BRIEFS.
      No costs are allowed appellee who filed no brief on appeal.

Appeal from Wayne; Toms (Robert M.), J. Submitted April 6, 1938. (Docket No. 27, Calendar No. 39,779.) Decided June 6, 1938.

Petition by Joseph Makar against Peoples Wayne County Bank of Dearborn for moratorium relief from a mortgage foreclosure, an injunction and other relief. Order for plaintiff. Defendant appeals. Affirmed.

*Miller, Canfield, Paddock & Stone,* for defendant.

McALLISTER, J. On March 30, 1927, Joseph Makar and Amelia Makar, his wife, gave a real estate mortgage to the Wayne County & Home Bank

of Fordson, now known as the Peoples Wayne County Bank of Dearborn, to secure payment of the sum of $5,000. Because of default, defendant foreclosed and on August 14, 1936, bid in the property for the sum of $6,441.55 at the mortgage sale. Expiration of the period of redemption was August 14, 1937. On July 29, 1937, plaintiff filed a petition for moratorium in the circuit court for Wayne county, and an order was issued requiring defendant to show cause why the relief prayed should not be granted. On August 13, 1937, the circuit court after hearing the parties entered an order restraining defendant from prosecuting the foreclosure of mortgage and taking possession upon the expiration of the period of redemption, conditioned upon plaintiff's paying the sum of $60 per month, and further requiring plaintiff to commence immediately the making of certain necessary repairs, the cost of same to be deducted from the monthly payments and plaintiff to be given credit therefor.

On August 30, 1937, defendant filed an answer to plaintiff's bill of complaint and after application for leave to appeal from the order entered, filed claim of appeal from the circuit court on October 20, 1937. At the time of the mortgage sale on August 14, 1936, no principal payments had been made on the mortgage for a period of 98 months and the principal had been reduced only in the amount of $750 since the execution of the mortgage. Interest had not been paid since June 1, 1932. Defendant had paid $970.35 in taxes prior to the foreclosure sale. Other taxes in the amount of approximately $120 had accrued since the sale. The estimated value of the property was $7,000 at the time the order of the court was entered.

On appeal it is claimed by the defendant that the circuit court abused its discretion in granting plain-

tiff relief and that the order extending the redemption period impaired the obligations of the mortgage contract in violation of the Federal and State Constitutions.

Granting of relief under the moratorium act (Act No. 98, Pub. Acts 1933, as amended by Act No. 1, Pub. Acts 1937 [Comp. Laws Supp. 1937, § 1444-1 *et seq.*]) is a matter of discretion for the trial court and will be sustained unless abuse of discretion is affirmatively shown. *Massachusetts Mutual Life Ins. Co. v. Kovinsky,* 277 Mich. 163. The purpose of the act is to prevent valuable property from being sold at distress prices occasioned by an economic emergency, and to give mortgagors a chance to preserve their equities. *Youngs v. Burleson,* 274 Mich. 132. Where defendant's debt will not grow larger during the moratorium period and there appears to be an equity that plaintiff may possibly save, relief may be granted. *Thurber v. Detroit Fire & Marine Insurance Company,* 281 Mich. 346. In this case the payments required by the court to be made by plaintiff in the annual amount of $720 a year on defendant's investment are more than sufficient to preserve defendant's interest. The fact that necessary repairs are to be made by plaintiff and the cost of same to be deducted from the monthly payments, does not reduce the value of defendant's investment. There was no abuse of discretion on the part of the trial court in making such an order.

With regard to the question raised by defendant concerning the constitutionality of the moratorium statute, this question was not raised on the hearing before the lower court, nor was error assigned on this ground. It appears for the first time on appeal in the "statement of questions involved." This is not sufficient to present a constitutional question for

review by this court.  *Wanstead* v. *Fisher*, 278 Mich. 68.

We have, however, previously passed upon this question and have held that the moratorium statute is not in violation of the Constitution.  *Russell* v. *Battle Creek Lumber Co.*, 265 Mich. 649; *Daugherty* v. *Reading*, 266 Mich. 514.  See, also, *Home Building & Loan Ass'n* v. *Blaisdell*, 290 U. S. 398 (54 Sup. Ct. 231, 88 A. L. R. 1481).

The order of the circuit court is affirmed.  Inasmuch as plaintiff filed no brief on appeal, no costs are allowed.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, and NORTH, JJ., concurred.