CITY OF DEARBORN v. VILLAGE OF ALLEN PARK.

1. MUNICIPAL CORPORATIONS—CONSOLIDATION—ANNEXATION—INCORPORATION OF NEW CITY.

The statutes applicable to consolidation or annexation do not necessarily govern for the incorporation of a new city, since in the consolidation or annexation proceedings the people interested are the people in the annexing municipality, the people in the area to be annexed and the people in the area from which the annexed portion is taken, while in the incorporation of a new city the only people interested are those in the area to be incorporated, hence, they are the only ones entitled to petition for incorporation and vote for or against the resolution (CLS 1954, § 117.9).

2. SAME—VILLAGES—TOWNSHIPS—ELECTORS.

Electors residing within a village are also citizens of the township for the purpose of determining the number of electors involved in the incorporation of the village and additional territory as a new city (CL 1948, § 117.6).

3. SAME—INCORPORATION OF NEW CITY—JURISDICTION OF BOARD OF SUPERVISORS—SPECIAL ELECTION.

The county board of supervisors had jurisdiction to adopt a resolution calling for a special election, pursuant to a petition for incorporation of a new city embracing all of the territory of an existing village and some additional uninhabited territory, where petition for such purpose was signed by more

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 37 Am Jur, Municipal Corporations §§ 9, 30.
[4] 3 Am Jur, Appeal and Error § 293.

than 1% of the electors in the area involved (CL 1948, § 117.6; CLS 1954, § 117.9).

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONSTITUTIONALITY OF ACTION TAKEN.

Issue as to constitutionality of action taken by board of supervisors with respect to incorporation of new city, not having been raised in the lower court, may not be urged on appeal, it being then too late.

5. COSTS—CONSTRUCTION OF STATUTE.

No costs are allowed in suit to enjoin the holding of a special election to incorporate a new city, where the interpretation of a statute is involved (CL 1948, § 117.6; CLS 1954, § 117.9).

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted April 4, 1957. (Docket No. 26, Calendar No. 47,088.) Decided June 3, 1957.

Bill by City of Dearborn, a municipal corporation, Ford Motor Company and Detroit, Toledo and Ironton Railroad Company, both Delaware corporations, Peter W. Vermullen and 2 other qualified electors of the City of Dearborn against the Village of Allen Park, a municipal corporation, Township of Ecorse, a body corporate, and their respective clerks to enjoin election on the incorporation of the City of Allen Park embracing the village territory and additional portions of the township. Bill dismissed. Plaintiffs appeal. Affirmed.

*Dale H. Fillmore,* Corporation Counsel, and *Carl P. Garlow,* Assistant Corporation Counsel, for plaintiffs City of Dearborn and individual electors.

*William T. Gossett* and *Abner M. Heggen,* for plaintiff Ford Motor Company.

*John W. Dollar,* for plaintiff Detroit, Toledo and Ironton Railroad Company.

*John A. Kruse,* for defendants Village of Allen Park and its clerk.

*Harry F. Vellmure,* for defendants Township of Ecorse and its clerk.

SHARPE, J. This is a chancery action for injunctive relief to prevent the incorporation of the village of Allen Park as the city of Allen Park in the township of Ecorse and annexing an area of 738.623 acres. The stipulation of agreed facts is, in part, as follows:

"On February 2, 1956, there was filed with the clerk of the board of supervisors of Wayne county a petition for the incorporation of all the present village of Allen Park, plus that unincorporated portion of Ecorse township north of the village of Allen Park, into a city of Allen Park.  *  *  *

"The signatures of all persons who subscribed the Allen Park petition, being 178 in number, were obtained solely from throughout the existing village of Allen Park and that none of said persons resided outside the boundaries of the existing village of Allen Park.

"The village of Allen Park is a part of the township of Ecorse and the signers of the Allen Park petition are qualified electors and freeholders of said township.  *  *  *

"The population of Ecorse township (including the village of Allen Park), according to the last preceding United States census, is 22,711. The population of the village of Allen Park, according to said census, is 12,292.

"The aforesaid 'Ecorse township lands' comprise an area, exclusive of streets, of 738.623 acres of land, more or less; that on February 2, 1956, the plaintiffs Ford Motor Company and Detroit, Toledo and. Ironton Railroad Company collectively held, and still collectively hold, record legal title to more than 1/2 of the area of said lands, exclusive of streets, to-wit 572.113 acres; and that on February 2, 1956, no persons resided, and no persons now reside, in the territory of said 'Ecorse township lands.'  *  *  *

"On May 1, 1956, the said board of supervisors adopted a resolution directing that the question of incorporation prayed for in the Allen Park petition

be submitted to the qualified electors of the district affected by said incorporation at a special election to be held on the 16th day of July, 1956."

It also appears that subsequently numerous qualified electors, some of whom reside in the city of Dearborn, also filed a petition with the clerk of the board of supervisors for the annexation of the Ecorse township lands to the city of Dearborn.] * * *

On May 1, 1956, the board of supervisors adopted a resolution, a part of which reads as follows:

"Whereas, the board of supervisors has considered said petition and it appears that said petition is in all respects in conformance with the provisions of PA 1909, No 279, as amended,* and that the statements contained therein are true;

"Now, therefore, be it resolved, by the board of supervisors of the county of Wayne, State of Michigan, this 27th day of March, 1956, that pursuant to the provisions of PA 1909, No 279, entitled 'An act to provide for the incorporation of cities and for revising and amending their charters' and acts amendatory thereto, that the question of the incorporation of the city of Allen Park from all of the present village of Allen Park and that portion of Ecorse township north of the village of Allen Park, as described in the petition filed in the office of the county clerk for the county of Wayne on February 2, 1956, by Carolyn Hawkins, et al., be submitted to the qualified electors of the district affected by said incorporation, subject to the provisions of article 5, § 3, of the Michigan Constitution of 1908, at a special election to be held on the 16th day of July, 1956, between the hours designated by law for the holding of general elections in said district."

The plaintiffs instituted the instant suit in chancery for a decree annulling the above resolution of

* CL 1948 and CLS 1954, § 117.1 et seq., as amended (Stat Ann 1949 Rev and Stat Ann 1955 Cum Supp, § 5.2071 et seq.).—REPORTER.

the board of supervisors and for a restraining order directing that defendants be enjoined from proceeding with the special election directed to be held by the board of supervisors. On May 23, 1956, defendants filed a motion to dismiss plaintiffs' bill of complaint upon the ground that such suit is barred by CL 1948, § 117.8, as amended by PA 1955, No. 147 (Stat Ann 1955 Cum Supp § 5.2087), which provides that after the adoption by the board of supervisors of a resolution approving the petition, neither the sufficiency nor the legality of the petition on which it is based may be questioned in any proceeding. The cause came on for trial and at its conclusion the trial judge filed an opinion in which it is said:

"On this question I am likewise constrained to and do hold that in the village of Allen Park, being wholly within the township of Ecorse, the signers of the petition were not only residents of the village but likewise were residents of the township for the purpose of the question in dispute. Not to labor the point—but those familiar with the various divisions of State, county, village and township governments know that all real property in a township is assessed by the township supervisor; township taxes are collected and many other activities are performed by township officers. It is and has been a very important unit of government and all lands within its borders are subject to its laws until such time as territory is taken from the township and take their rank as municipalities. For those reasons I feel that the petitions merely containing all signatures from the village carry a dual purpose and conform to legal requirements."

A decree was entered on July 25, 1956, dismissing plaintiffs' bill of complaint. Plaintiffs appeal and urge that the board of supervisors had no jurisdiction to approve the so-called Allen Park petition. It is plaintiffs' theory that the petition is fatally defective as a matter of law, in that it seeks the

incorporation of a city, the boundaries of which would embrace all lands lying within the boundaries of an existing village, plus additional uninhabited lands lying outside the boundaries of the existing village; that the boundaries of a city or village may not be enlarged by the addition thereto of such lands unless there shall have been filed with the board of supervisors a petition for the annexation of such lands, signed by the requisite number of qualified electors and freeholders and, in addition thereto, by persons, firms or corporations who collectively hold record title to more than 1/2 of the area of such additional uninhabited lands.

In the case at bar the petition prayed for the incorporation of a city which included the village of Allen Park and additional uninhabited lands. In *Presque Isle Prosecuting Attorney* v. *Rogers Township,* 313 Mich 1, it was held that when petitions are filed for the incorporation of territory which includes a village and additional unincorporated area, it is a new incorporation and not a consolidation or annexation, hence the statutes applicable to consolidation or annexation do not necessarily govern for the incorporation of a city.

In annexation or consolidation the people interested are the people in the annexing municipality, the people in the area to be annexed and the people in the area from which the annexed portion is taken, but in the incorporation of a new city the people interested and the area affected consist of the area proposed to be incorporated only. It follows that only those living within the affected area can petition for the incorporation and vote for or against the resolution.

The following provision is contained in CLS 1954, § 117.9 (Stat Ann 1955 Cum Supp § 5.2088):

"Provided, however, that when a territory is proposed to be incorporated as a city only the residents of the territory to be incorporated shall vote on the question of incorporation."

The statute (CL 1948, § 117.6 [Stat Ann 1949 Rev § 5.2085]), provides that the petition shall be signed by not less than 1% of the qualified electors and freeholders residing within the affected area and not less than 10 of the signatures shall be obtained from each city, village or township to be affected by the proposed change. We hold that electors residing in Allen Park are also citizens of the township.

The record shows that the population of the affected area according to the census is 12,292, and the petition upon which the board of supervisors acted contained the signatures of 178 electors in the affected area, which is more than 1% of the electors in said area. We hold that under the facts in this case the board of supervisors had jurisdiction to adopt the resolution in question.

It is also urged by plaintiffs that the action taken by the board of supervisors deprived Ford Motor Company and Detroit, Toledo and Ironton Railroad Company of their constitutional rights. We note that this issue was not raised in the lower court. It is now too late to raise this issue. See *Kellom* v. *City of Ecorse,* 329 Mich 303.

The decree is affirmed, but without costs as the interpretation of a statute is involved.

DETHMERS, C. J., and SMITH, EDWARDS, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.