KELLEY v. CITIZENS MUTUAL INSURANCE COMPANY

1. AUTOMOBILES—STATUTE—OWNER'S LIABILITY.
   For purposes of the owner's liability statute the owner of an automobile is the person in whose name the automobile is registered with the secretary of state and who is listed on the certificate of title (MCLA § 245.401).

2. AUTOMOBILES—OWNERSHIP—CONTROL AND DOMINION—DEALER.
   Ownership of an automobile not registered with the secretary of state and on which there was no outstanding title *held*, to have passed from Chrysler Corporation to its dealer when the automobile was delivered to the dealer and the dealer exercised complete control and dominion over the auto by

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 603.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 524, 603.
[3] 5 Am Jur 2d, Arbitration and Award §§ 51–53.
    43 Am Jur 2d, Insurance §§ 1057, 1711, 1714.

attaching its dealer's plates to the car, showing the automobile to a customer, installing an FM radio, agreeing to sell the auto to the customer, and having the papers signed, including the customer's application for a title (MCLA § 440.2401[2]).

3. INSURANCE—ARBITRATION—WAIVER.

Arbitration requirement and exclusion clause in an insurance policy was waived where the insurance company refused to arbitrate and continually maintained that it was not liable under the policy.

Appeal from Kent, Claude Vander Ploeg, J. Submitted Division 3 June 5, 1969, at Grand Rapids. (Docket No. 6,132.) Decided August 28, 1969. Leave to appeal denied May 21, 1970. See 383 Mich 785.

Complaint by Charles Kelley against Citizens Mutual Insurance Company to recover under uninsured motorist coverage of a policy issued by defendant. Judgment for plaintiff. Defendant appeals. Affirmed.

*Rhoades, McKee & Boer* (*Thomas Van Hattum,* of counsel), for plaintiff.

*Hillman, Baxter & Hammond,* for defendant.

Before: J. H. GILLIS, P. J., and R. B. BURNS and V. J. BRENNAN, JJ.

R. B. BURNS, J. Plaintiff, an automobile salesman, was employed by McQueen Motor Company, Inc., a Chrysler dealer. A former customer indicated an interest in a certain type of Valiant automobile and plaintiff knew a Chrysler field representative was driving such a car and contacted the official. The field representative told plaintiff the car was for sale and McQueen called the factory to determine the cost of the car. The price was satis-

factory to McQueen and the factory was informed that McQueen wanted the car. The field representative delivered the car to McQueen and the plaintiff took the car to the customer for inspection. The customer agreed to buy the automobile from McQueen and papers were signed in blank. Plaintiff then took the car back to the dealership to have the auto cleaned and to install an FM radio.

After the car was conditioned and while the plaintiff was delivering the car to the customer, he was involved in an accident. Plaintiff suffered physical injuries in the accident and it developed that the party who struck the plaintiff was not insured. McQueen had an insurance policy with the defendant that basically covered all cars owned by McQueen and also provided coverage for anyone driving a car owned by McQueen. The policy also provided for protection against an uninsured motorist.

Plaintiff filed a claim with the defendant and when defendant denied his claim plaintiff requested the defendant to arbitrate the claim as provided in the policy under the uninsured motorist clause. Defendant refused to arbitrate the claim and took the position that McQueen did not own the car involved in the accident and that plaintiff was not covered under the policy. Thereafter, plaintiff sued the uninsured motorist and obtained a judgment. This present case was instituted against the defendant to recover the judgment obtained against the uninsured motorist under the uninsured motorist coverage in McQueen's policy.

After all of the facts had been presented to the trial court the judge and both counsel agreed there was no dispute as to the facts and the trial judge ruled as a matter of law that McQueen was the owner of the automobile and plaintiff was covered under the policy.

Defendant claims the trial court erred in its determination that McQueen was the owner of the car. Defendant relies on MCLA § 257.37 (Stat Ann 1968 Rev § 9.1837) which defines "owner" to mean any person having exclusive control of the automobile for a period greater than 30 days or a person who holds legal title. Defendant argues that McQueen did not have exclusive control for over 30 days and that at the time of the accident any title that may have existed was in the name of Chrysler, although the testimony showed the car was not registered with the secretary of state.

Defendant also argues that McQueen had not paid any money to Chrysler, nor had the customer paid any money to McQueen; therefore ownership had not been transferred from Chrysler.

Plaintiff argues that under the facts of this case McQueen had complete and exclusive control of the vehicle and was in fact and law the owner.

The facts in this case do not fit the usual pattern of problems presented to the courts involving the transfer of title in automobile cases. Usually the question of ownership arises under the owner's liability statute (MCLA § 257.401 [Stat Ann 1968 Rev § 9.2101]) and the courts have uniformly held that the owner is the person in whose name the automobile is registered with the secretary of state and who is listed on the certificate of title. In the present case the automobile was not registered with the secretary of state and there was no outstanding title. The transaction was between the factory and one of its dealers. The factory had informed the dealer the price it wanted for the car and the dealer had agreed to pay that amount. The factory representative had delivered the car to the dealer and the dealer had exercised control and dominion over the automobile by attaching its dealer's plates to the car,

showing the automobile to a customer, installing an FM radio, agreeing to sell the auto to the customer, and having papers signed, including the customer's application for a title.

MCLA § 440.2401(2) (Stat Ann 1964 Rev § 19-.2401[2]) provides:

"Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place; and in particular and despite any reservation of a security interest by the bill of lading."

We hold that under the facts of this case ownership of the automobile in question passed from the Chrysler Corporation to McQueen Motor Company, Inc., when the Chrysler field representative delivered the automobile to McQueen and McQueen exercised complete control and dominion over the auto. Plaintiff was covered by the policy of insurance issued by defendant to McQueen.

Next defendant claims that plaintiff's prosecution to judgment of his cause of action against the uninsured motorist excludes plaintiff from coverage under the policy. The facts in the present case are almost identical with the facts in *Bielski* v. *Wolverine Insurance Company* (1967), 379 Mich 280, where the Court held that the insurance company's refusal to arbitrate or its unreasonable delay in arbitration constituted a waiver by the company of the arbitration requirement and the exclusion clause in the policy. In the *Bielski Case, supra,* the company denied that it had refused to arbitrate and the case was remanded for a determination of that issue. In the present case the defendant admitted in its

answers that it had refused to arbitrate according to the policy and at all times maintained it was not liable under the policy. Defendant waived the arbitration requirement and the exclusion clause in the policy by such action.

Affirmed. Costs to plaintiff.

All concurred.