BULLERMAN v. EMPLOYMENT SECURITY COMMISSION

1. UNEMPLOYMENT COMPENSATION—PENSIONS.

   All payments employees receive under a pension plan must, by statute, be deducted from their unemployment benefits (MCLA § 421.27[5]).

2. CONSTITUTIONAL LAW—EQUAL PROTECTION—APPEAL AND ERROR.

   The Court of Appeals will not pass upon a constitutional issue of equal protection where the issue is not properly before the Court of Appeals, because it was not raised in the trial court and there appears no compelling reason to consider it *sua sponte*.

Appeal from Muskegon, John H. Piercey, J. Submitted Division 3 June 3, 1970, at Grand Rapids. (Docket Nos. 8,479–8,481.) Decided July 2, 1970. Leave to appeal denied September 22, 1970. 384 Mich 758.

Complaint by Fred B. Bullerman, Ferris Billingsley, and Lynferd E. Cashman (continued by his widow, Amy B. Cashman), against the Employment Security Commission and Kaydon Engineering Co. for a determination that payments received under a pension plan to which their employer contributed may not be deducted from their unemployment benefits. Judgment for defendants. Plaintiffs appeal. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds §§ 10, 11, 32, 34.

[2] 5 Am Jur 2d, Appeal and Error §§ 545, 574.

*Marcus, McCroskey, Libner, Reamon, Williams &
Dilley (Edward M. Welch, Jr., of counsel), for plaintiffs.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *James H. White,*
Assistant Attorney General, for defendants.

Before: T. M. BURNS, P. J., and FITZGERALD and
BYRNS,* JJ.

PER CURIAM. The plaintiffs appeal from a decision that payments they are receiving under a pension plan, to which their employer contributed, must be deducted from their unemployment benefits. They contend that only the part of the pensions attributable to the employer's contribution should be deducted.

This case is controlled by MCLA § 421.27(g) (Stat Ann 1970 Cum Supp § 17.529[g]), which provides in part:

"(1) Notwithstanding any inconsistent provisions of this act, the weekly benefit rate of each individual who is receiving or will receive a 'retirement benefit' (as defined in paragraph [4] of this subsection) shall be adjusted as provided below in subparagraphs (a), (b) and (c) of this paragraph. Except as herein otherwise provided, all the other provisions of this act shall continue to be applicable in connection with the benefit claims of such retired persons.

"(a) If and to the extent that unemployment benefits payable to him under this act would be chargeable to an employer who has contributed to the financing of a retirement plan under which the claimant is receiving or will receive a retirement benefit yielding a pro rata weekly amount equal to or larger than his weekly benefit rate as otherwise established

---

* Circuit judge, sitting on the Court of Appeals by assignment.

under this act, the claimant shall not receive any unemployment benefits which would be chargeable to said employer under this act.

"(b) If and to the extent that unemployment benefits payable to him under this act would be chargeable to an employer who has contributed to the financing of a retirement plan under which the claimant is receiving or will receive a retirement benefit yielding a pro rata weekly amount less than his weekly benefit rate as otherwise established under this act, then the weekly benefit rate otherwise payable to the claimant and chargeable to said employer under this act shall be reduced by an amount equal to the pro rata weekly amount (adjusted to the next lower multiple of $1.00) which he is receiving or will receive as such retirement benefit.

"(c) If the unemployment benefit payable to him under this act would be chargeable to an employer who has not contributed to the financing of a retirement plan under which the claimant is receiving or will receive a retirement benefit, then the weekly benefit rate of such claimant as otherwise established under this act shall not be reduced because of the receipt by him of such retirement benefit.

*       *       *

"(4) As used in this subsection, the term 'retirement benefit' means a benefit (or annuity or pension of any type) which is:

(a) Provided as an incident of employment under an established retirement plan (or policy or agreement) except federal social security; and

(b) Payable to an individual because he has qualified on the basis of attained age or length of service or disability, whether or not the individual has retired or has been retired from his employment: Provided, that amounts paid to individuals in the course of liquidation of a private pension or retirement fund because of termination of the business or of a plant or department of the business of the em-

ployer involved shall not be deemed to be retirement benefits."

The language of the statute unambiguously requires that all payments the appellants receive under the pension plan be deducted from their unemployment benefits. No interpretation is necessary. The statute speaks for itself. *Crary* v. *Marquette Circuit Judge* (1917), 197 Mich 452, 454.

We do not pass on the constitutional issue of equal protection raised by the appellant. This issue was not raised in the trial court and is therefore not properly before this Court, and there appears no compelling reason to consider it *sua sponte*. *Wanstead* v. *Fisher* (1936), 278 Mich 68, 76.

Affirmed. No costs, interpretation of a statute being involved.