KELLEY v. CITIZENS MUTUAL INSURANCE COMPANY

JUDGMENT — SUMMARY JUDGMENT — INSURANCE — ARBITRATION — WAIVER.

> Summary judgment was properly granted against the defendant insurance company in an action in which the defendant answered the plaintiff's complaint seeking damages because of a collision with an uninsured motorist by stating that it was entitled to arbitration where in prior opinion of the Court of Appeals, the Court had decided that the requirement to arbitrate had been waived by the insurance company when it had denied the plaintiff's request for arbitration, the Court of Appeals' decision was final in that the defendant had failed to petition for a rehearing, and the Supreme Court had denied the defendant's application for leave to appeal.

Appeal from Kent, George V. Boucher, J. Submitted Division 3 October 6, 1971, at Marquette. (Docket No. 10482.) Decided November 26, 1971.

Complaint by Charles Kelley against Citizens Mutual Insurance Company to recover under an automobile insurance policy. Judgment for plaintiff. Defendant appealed. Affirmed. Leave to appeal to the Supreme Court denied. Amended complaint by plaintiff to recover damages awarded. Summary judgment for plaintiff. Defendant appeals. Affirmed.

*Rhoades, McKee & Boer* (by *Thomas Van Hattum*), for plaintiff.

REFERENCE FOR POINTS IN HEADNOTE
41 Am Jur, Pleadings §§ 171, 340 *et seq.*

*Hillman, Baxter & Hammond,* for defendant.

Before: FITZGERALD, P. J., and BRONSON and T. M. BURNS, JJ.

PER CURIAM. This case deals with an insurance company's waiver of arbitration and a resulting denial of due process to it on a claim of liability under its auto liability policy's uninsured motorist provision.

The facts giving rise to the initial action and the present appeal are detailed in the earlier case of *Kelley* v. *Citizens Mutual Insurance Company* (1969), 19 Mich App 177. To briefly summarize: plaintiff was involved in an accident with an uninsured motorist. Plaintiff filed a claim with the defendant and, when it denied his claim, he requested arbitration as provided in the policy under the uninsured motorist clause. Denial was based on non-ownership and coverage exclusion. Plaintiff then sued the uninsured motorist and obtained a judgment. The 19 Mich App 177 case was to recover from the defendant the amount of the judgment. Plaintiff prevailed in this Court, and the Michigan Supreme Court denied defendant leave to appeal. Plaintiff then filed an amended complaint seeking money damages and moved for summary judgment. Defendant's answer argued it was entitled to arbitration. Summary judgment was granted to plaintiff. Defendant again appeals.

The earlier *Kelley* case determined proper ownership of the car plaintiff was driving and plaintiff's coverage. The questions raised in this proceeding are whether defendant's original refusal to arbitrate waived the right to arbitrate and if so whether the taking of a judgment against the uninsured motorist

resulted in a denial of due process and an impairment of contract?

In the first *Kelley* case, 19 Mich App 177, 181, 182, this Court, in response to defendant's argument that plaintiff excluded himself from coverage by pursuing his cause of action against the uninsured motorist to judgment, held:

"In the present case the defendant admitted in its answers that it had refused to arbitrate according to the policy and at all times maintained it was not liable under the policy. *Defendant waived the arbitration requirement and the exclusion clause in the policy by such action."* (Emphasis supplied.)

Defendant, in its application for leave to appeal to the Michigan Supreme Court, failed to convince that Court that this Court's decision was clearly erroneous. If the defendant felt that this Court went too far in its prior decision, it could have petitioned this Court for a rehearing prior to applying to the Michigan Supreme Court for leave to appeal. GCR 1963, 819.4. This it did not do. As the trial judge observed when the case returned to him on plaintiff's motion for summary judgment, "There is nothing left to discuss". Summary judgment for plaintiff was proper.

The due process and impairment of contract issues have not been raised prior to this appeal. We will not consider issues raised for the first time on appeal. *City of Grand Rapids* v. *Harper* (1970), 25 Mich App 447, 449; *Frigid Food Products, Inc.* v. *City of Detroit* (1971), 31 Mich App 402.

Affirmed.