CIVIL SERVICE COMMISSION OF THE CITY OF HAMTRAMCK v
PITLOCK

1. ADMINISTRATIVE LAW—AGENCIES—AUTHORITY.
   Administrative bodies derive their authority solely through the
   act of the Legislature by which they are established, and an
   administrative agency which proceeds in an unauthorized man-
   ner acts illegally.

2. ADMINISTRATIVE LAW—CIVIL SERVICE COMMISSION—RULE-MAKING
   POWER.
   A city's civil service commission which is authorized by the city
   charter to establish rules and regulations for the guidance of
   civil service personnel may not authorize ad hoc determina-
   tions of violations of purported standards of conduct by labeling
   any "standard" a rule.

3. ADMINISTRATIVE LAW—CIVIL SERVICE COMMISSION—RULE-MAKING
   POWER.
   A city's civil service commission may not discharge an employee
   for violation of a rule proscribing "conduct unbecoming an
   employee of the city" where the city charter only authorizes
   the commission to establish rules and regulations for the
   guidance of civil service personnel, because such a rule presents
   a standard so impalpable as to be no standard at all and serves
   only to lodge unbridled ad hoc discretion in the civil service
   commission.

4. ADMINISTRATIVE LAW—CIVIL SERVICE COMMISSION—WRONGFUL DIS-
   CHARGE.
   An employee wrongfully discharged by a civil service commission
   is entitled to reinstatement and back pay for the entire period
   of wrongful discharge, less wages actually earned during that
   period.

REFERENCES FOR POINTS IN HEADNOTES
[1] 1 Am Jur 2d, Administrative Law §§ 1, 69 *et seq.*
[2, 3] 15 Am Jur 2d, Civil Service § 6 *et seq.*
[4] 15 Am Jur 2d, Civil Service §§ 29, 41.

Appeal from Wayne, John D. O'Hair, J. Submitted Division 1 May 9, 1972, at Detroit. (Docket No. 13276.) Decided January 17, 1973.

Robert Pitlock was dismissed from employment by a resolution of the Civil Service Commission of the City of Hamtramck sustaining an order of the Hamtramck Superintendent of the Department of Public Works. Defendant appealed to circuit court. Affirmed. Defendant appeals. Reversed and remanded.

*Edmund E. Torcellini* and *James F. Nowicki,* for plaintiff.

*Carl Ziemba,* for defendant.

Before: DANHOF, P. J., and LEVIN and BORRADAILE,* JJ.

LEVIN, J. The defendant, Robert Pitlock, was dismissed from his employment by the City of Hamtramck. The dismissal was affirmed, after a hearing, by the city's civil service commission and, on appeal from its decision, by the circuit court. We reverse, holding that the civil service commission exceeded its authority in formulating the "rule" which Pitlock was accused of violating.

Pitlock was first employed by the City of Hamtramck in 1955. At the time of his dismissal he held the position of equipment operator.

He was arrested on a drunk-driving charge in January, 1970. He refused to take a breathalyzer test, and his license was suspended for the period

---

* Former circuit judge and now probate judge, sitting on the Court of Appeals by assignment.

from March 2, 1970 to June 2, 1970.[1]

On May 20, 1970, a Hamtramck police officer called Pitlock's supervisor and informed him of the suspension. The two men went to the area where Pitlock was operating a city truck. The officer stopped Pitlock and arrested him for driving while his license was suspended.

On October 30, 1970, Pitlock was informed by letter that his employment with the city had been terminated because he had violated Rule XII, § 5 of the civil service rules and regulations in that, by driving a city truck at a time when his driver's license had been suspended, he had been guilty of "conduct unbecoming an officer or employee of the city".[2]

Pitlock argues that § 5(e) of Rule XII is unconstitutionally vague. While it does appear that vagueness is the underlying problem, we see no need to reach the constitutional issue.

In this case we consider an administrative regulation rather than a statute. Administrative bodies derive their authority solely through the act of the Legislature by which they are established. An administrative body which proceeds in an unauthorized manner acts illegally.[3]

The Hamtramck Civil Service Commission is an

[1] MCLA 257.625f; MSA 9.2325(6).

[2] *"Section 5. Cause for Discharge or Reduction:*

"The following are declared to be cause for removal or discharge from the Classified Service (Class "B" & "C", inclusive) of the City of Hamtramck, though charges may be based upon causes other than those enumerated; viz., that any officer or employee who: * * *

"(e) Has been guilty of conduct unbecoming an officer or employee of the City; * * * shall forthwith be removed from City employment, and any rights or privileges due such employee under the Civil Service Law and the Rules of this Commission shall be cancelled and nullified."

[3] *Cf. Coffman v State Board of Examiners in Optometry,* 331 Mich 582, 589 (1951); *Ranke v Corporation & Securities Commission,* 317 Mich 304, 309 (1947); *Sterling Secret Service, Inc v Department of State Police,* 20 Mich App 502, 513 (1969).

administrative body operating under the authority of ch IX-A of the city charter. Section 11 of that chapter provides that appointments and removals alike *"shall* be made under and in accordance with the provisions of this chapter, and the rules and regulations adopted by the civil service commission". (Emphasis supplied.) Section 12(c) of ch IX-A provides that it is "the duty of the civil service commission * * * to adopt and amend rules and regulations for the administration of this chapter of the city charter".[4]

Hamtramck's charter clearly imposes upon its civil service commission the duty to act by establishing rules and regulations for the guidance of civil service personnel. Section 5(e) prohibiting conduct "unbecoming an officer or employee of the city" does not comport with this mandate.

It is not enough for an administrative body to label a purported standard a rule. A direct attempt to authorize ad hoc determinations would be quickly recognized as unauthorized. We should reach the same result when an administrative body seeks to usurp authority covertly under the guise of its rule-making power.

A rule proscribing "conduct unbecoming an officer or employee of the city" presents a standard or

---

[4] "Sec. 11 *Classified service; subject to civil service; unclassified service, exemption.*—All offices and positions included in the classified service and in the police and fire departments and police signal and fire alarm system shall, unless otherwise specifically provided in this chapter, be subject to the provisions of the chapter as to civil service, as well as all rules and regulations adopted by the civil service commission; and all appointments to any such positions or offices, as well as all removals, lay-offs, promotions, increases or decreases in salary or compensation of and for such positions or offices shall be made under and in accordance with the provisions of this chapter, and the rules and regulations adopted by the civil service commission.

"Sec. 12 *Civil service commission; powers and duties.*—It shall be the duty of the civil service commission, as a body: * * *

"(c) To adopt and amend rules and regulations for the administration of this chapter of the city charter." Hamtramck Charter, ch IX-A, §§ 11–12.

guide so impalpable as to be no standard at all.[5] It subverts the clear policy of the charter because it does not provide meaningful guidance concerning the required mode of conduct. It does not serve the rule-making function. Rather, it serves only to lodge unbridled ad hoc, *ad hominem* discretion in the civil service commission.

We need not consider or decide whether such broad-ranging unstructured discretion could be constitutionally delegated to this body. We hold only that this rule is no rule at all and, therefore, does not comply with the express requirements of Hamtramck's charter.[6]

We are not unmindful of the doctrine that "in many cases, agencies have a choice (except as limited by judicial restraints or by statutory mandates) whether to proceed by general rule making or by ad hoc, case-to-case adjudication".[7] This doctrine has no application in a case, such as the one here presented, where the legislative policy is to require the administrative body to promulgate rules and to proceed in accordance with rules of general application.[8]

We conclude that Pitlock was illegally discharged and is entitled to immediate reinstatement. He is further entitled to back pay for the

---

[5] *Cf. State ex rel Villines v Freeman,* 370 P2d 307, 309 (Okla, 1962): a rule is "a prescribed * * * guide for conduct or action: a regulation or principle". *See, also, South Florida R Co v Rhodes,* 25 Fla 40, 46; 5 So 633, 635 (1889).

[6] *Cf. Sanders v State Department of Public Welfare,* 472 SW2d 179 (Tex Civ App, 1971); *Boller Beverages, Inc v Davis,* 38 NJ 138, 152; 183 A2d 64, 71 (1962).

[7] 1 Cooper, State Administrative Law 177; *Securities & Exchange Commission v Chenery Corp,* 332 US 194, 203; 67 S Ct 1575, 1580–1581; 91 L Ed 1995, 2002–2003 (1947).

[8] 1 Cooper, State Administrative Law 180–185; *Cf. Boller Beverages, Inc v Davis, supra,* 38 NJ at 155; 183 A2d at 73; *Securities & Exchange Commission v Chenery Corp, supra,* 332 US at 202; 67 S Ct at 1580; 91 L Ed at 2002.

entire period of wrongful discharge, amounting to normal wages which he would have received while working in his regular employment, less wages actually earned during that period.[9]

Reversed and remanded.

All concurred.

---

[9] *Cf. Ramsey v Hopkins,* 447 F2d 128 (CA 5, 1971).