FALK v CIVIL SERVICE COMMISSION OF MACOMB COUNTY

OPINION OF THE COURT

1. APPEAL AND ERROR—APPELLATE FUNCTION—PRESERVING QUESTION
    —CONSTITUTIONAL LAW.

    The function of an appellate court is restricted to the test of
    questions which, in the court below, have been raised and saved
    for review; even a constitutional question which has not been
    raised below will not be passed upon on appeal.

2. ADMINISTRATIVE LAW—COUNTIES—CIVIL SERVICE—SHERIFFS—EVI-
    DENCE—DISCHARGE—MISCONDUCT—STATUTES.

    No error was committed where evidence of misconduct of a
    deputy sheriff which occurred more than 90 days before he was
    notified of his suspension from employment was offered in the
    proceedings before the County Civil Service Commission, but
    such evidence was excluded (MCLA 51.362).

3. EVIDENCE—SUFFICIENCY—COMPETENCY—MATERIALITY—COUNTIES—
    SHERIFFS—DISCHARGE.

    Testimony by a deputy sheriff that he had driven ten miles per
    hour over the speed limit and that he made a prohibited turn
    while being pursued by a police car, was competent, material
    and substantial evidence of conduct unbecoming an officer, and
    was sufficient to support an order of a county civil service
    commission upholding the officer's discharge.

4. CONSTITUTIONAL LAW—EQUAL PROTECTION—EVIDENCE—ARBITRARY
    CLASSIFICATION—COUNTIES—SHERIFFS.

    A deputy sheriff who was discharged because of conduct unbecom-
    ing an officer arising from traffic offenses was not denied equal
    protection when he was not allowed to present evidence to
    prove that other deputies who had committed similar offenses
    were not disciplined as he was; even had such evidence been
    admitted, it would not have established an arbitrary classifica-

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 574.
[2–5] 15 Am Jur 2d, Civil Service §§ 33, 34, 36, 41.

tion and hence would not have shown intentional discrimination violative of constitutional rights.

DISSENT BY CHURCHILL, J.

5. APPEAL AND ERROR—PRESERVING QUESTION—COUNTIES—SHERIFFS
—DISCHARGE—CONSTITUTIONAL LAW—DUE PROCESS.

*A deputy sheriff who was discharged for conduct unbecoming an officer, and who had made a sufficient timely effort to challenge the validity of the standard by which his conduct was judged as being so vague that it was meaningless and deprived him of due process, had properly preserved the issue for appeal and his order of discharge should be vacated and the case remanded for further appropriate proceedings.*

Appeal from Macomb, George R. Deneweth, J. Submitted Division 2 June 28, 1974, at Detroit. (Docket No. 17234.) Decided December 5, 1974.

Complaint by Frederick Falk against the Civil Service Commission of Macomb County Sheriff's Department, William C. Butler, Chairman, Leland Trainor, Commissioner, and Lester Almstadt, Sheriff of Macomb County, for reversal of a Civil Service Commission order upholding plaintiff's discharge from employment. Judgment for defendants. Plaintiff appeals by leave granted. Affirmed.

*Munger & Crum, P. C.,* for plaintiff.

Office of Macomb County Civil Counsel (by *Philip J. Anderson,* Assistant Civil Counsel), for defendants.

Before: BASHARA, P. J., and DANHOF and CHURCHILL,* JJ.

DANHOF, J. Plaintiff was a deputy with the Macomb County Sheriff's Department. His employ-

* Circuit judge, sitting on the Court of Appeals by assignment.

ment was terminated on January 17, 1969 by the defendant sheriff as a result of charges arising from the improper operation of his personal automobile. Hearings before the Macomb County Civil Service Commission were held, and an order was issued on October 2, 1969 upholding the dismissal. Plaintiff took an appeal to the circuit court which affirmed the Commission. Plaintiff's motion for a rehearing was denied, and he made application for leave to appeal which was granted by this Court.

Plaintiff had been employed as a deputy since October 8, 1964. He had been given 3 temporary suspensions, all of them more than a year prior to the permanent suspension of which he now complains. Indirect reference to these incidents was made in the letter informing plaintiff of his termination. The letter was captioned "Suspension; conduct unbecoming an officer", and it listed six reasons for this action, three of which grew out of the events of January 15, 1969.

The final incident which precipitated the plaintiff's discharge occurred during the early morning hours of January 15, 1969. Plaintiff, while off duty, drove his automobile at a high rate of speed under foggy conditions. He was chased and stopped by a police officer who believed that the plaintiff was intoxicated, but who did not make an arrest or issue a traffic citation. Instead, the officer made an unofficial report to his superiors, and the sheriff was notified. The sheriff promptly transmitted the letter dismissing plaintiff from the department.

Plaintiff's first argument on appeal is that his discharge for conduct unbecoming an officer deprived him of due process because the standard is so vague that it is meaningless. In support of his argument, plaintiff cites *Civil Service Commission of the City of Hamtramck v Pitlock,* 44 Mich App

410; 205 NW2d 293 (1973) and *Sponick v Detroit Police Department,* 49 Mich App 162; 211 NW2d 674 (1973).

While plaintiff's argument may be of some merit, it has not been properly preserved for appeal. At no time throughout the entire proceeding before both the Civil Service Commission and in the circuit court, has this issue been raised. It cannot be raised now. An appellate court's "function is restricted to the test of questions which, in the court below, have been raised and saved for review". *Swartz v Laurencelle,* 371 Mich 153, 166; 123 NW2d 244, 251 (1963).

The principle is firmly established that even a constitutional question which has not been raised below will not be passed upon on appeal. *Wanstead v Fisher,* 278 Mich 68; 270 NW 218 (1936); *Makar v People's Wayne County Bank of Dearborn,* 284 Mich 489; 280 NW 31 (1938); *Jesiek v Banfield,* 286 Mich 440; 282 NW 429 (1938); *Diggs v State Board of Embalmers & Funeral Directors,* 321 Mich 508; 32 NW2d 728 (1948); *Mitchell v Grewal,* 338 Mich 81; 61 NW2d 3 (1953); *Brookdale Cemetery Assoc v Lewis,* 342 Mich 14; 69 NW2d 176 (1955); and *Dearborn v Village of Allen Park,* 348 Mich 449; 83 NW2d 447 (1957). This principle has been applied to constitutional attack urging denial of due process. *Maurer v Greening Nursery Co,* 199 Mich 522; 165 NW 861 (1917); *Kelley v Citizens Mutual Insurance Co,* 37 Mich App 239; 194 NW2d 499 (1971). More specifically, the principle has also been applied to preclude untimely objection to the constitutionality of administrative agency regulations. *Bullerman v Employment Security Commission,* 25 Mich App 242; 181 NW2d 330 (1970), *lv den* 384 Mich 758 (1970); *Hernandez v Consumers Power Co,* 51 Mich App 288; 214

NW2d 846 (1974). We apply this well-settled principle to the present case and hold that plaintiff's challenge to the constitutionality of the departmental regulation will not be considered for the first time on this appeal.

As his second issue, plaintiff alleges that the Commission erred by failing to admit into evidence the entire manual of rules and regulations of the Macomb County Sheriff's Department. Plaintiff sought to prove that the sheriff had not followed his own rules in firing the plaintiff in that he had not conducted an adequate investigation.

Plaintiff's theory is factually unsupportable. The record discloses, and the circuit court found, that the Commission did admit the manual of rules into evidence at the hearing. Plaintiff was allowed to thoroughly cross-examine the sheriff to reveal the extent of his investigation. Plaintiff presented this argument as fully as possible; he cannot now complain merely because the Commission was not persuaded by it.

Plaintiff's third objection concerns the sufficiency of the "basis" upon which the Commission sustained the sheriff, and upon which the circuit court in turn affirmed the order of the Commission. Plaintiff contends that evidence of misconduct occurring more than 90 days before he was notified of the sheriff's action was used against him contrary to the provisions of MCLA 51.362; MSA 5.1191(112). As to this part of his argument, the record again belies plaintiff's contention. The transcript of the proceedings before the Civil Service Commission establishes that, although evidence of prior misconduct was offered, such evidence was excluded.

The remainder of this objection can more accurately be stated as whether or not there exists

competent, material and substantial evidence on the whole record made before the Commission to support its order. Const 1963, art 6, § 28; *Viculin v Department of Civil Service,* 386 Mich 375; 192 NW2d 449 (1971). The record reveals that plaintiff himself testified that he drove 10 miles per hour over the speed limit, and that he made a prohibited turn while being pursued by a police car. This is certainly competent, material and substantial evidence of conduct unbecoming an officer, or, in the language of the statute, "failure of good behavior" to constitute sufficient cause for plaintiff's discharge.

The last contention advanced by plaintiff is that he was denied equal protection because he was not allowed to present evidence before the Commission to prove that other deputies who had committed similar traffic offenses were not disciplined as he was. Even if such evidence had been admitted, it would not have established an "arbitrary classification" and, hence, it would not have shown intentional discrimination violative of plaintiff's constitutional rights. *Sponick v Detroit Police Department,* 49 Mich App 162, 205-206; 211 NW2d 674, 694 (1973).

Affirmed.

BASHARA, P. J., concurred.

CHURCHILL, J. (dissenting). I am satisfied that plaintiff made sufficient timely effort to challenge the validity of the standard by which he was being judged.

On the authority of *Civil Service Commission of the City of Hamtramck v Pitlock,* 44 Mich App 410, 412; 205 NW2d 293–294 (1973), and *Sponick v Detroit Police Department,* 49 Mich App 162, 174; 211 NW2d 674, 679 (1973), it is my opinion that

the order of the circuit court sustaining the Civil Service Commission should be vacated and the case should be remanded for further appropriate proceedings.