OTT, Judge.
We reverse the ruling of the Florida Industrial Relations Commission and reinstate the ruling of the claims examiner as affirmed by the appeals referee.
Respondent was employed by the state for 28 years. While employed she contributed to her retirement fund. The state — as a base period employer — also contributed to her pension. Upon voluntary retirement in 1974, respondent began receiving state retirement benefits as well as social security benefits.
After retirement, respondent obtained other employment, but was laid off. Her claim for unemployment compensation was denied by the claims examiner on the ground that the total of her state retirement and social security benefits exceeded the weekly unemployment benefit amount. The appeals referee affirmed, citing the Florida Unemployment Compensation Law — Section 443.06(8), Florida Statutes which provides in relevant part that:
[a]n individual shall be disqualified for benefits for any week with respect to which ... he has received, or is eligible to receive, from a base period employing unit, income . . . . Provided, however, that for any week in which income . . . when combined with [Social Security] income is less than the weekly benefits which would otherwise be due under this chapter he shall be entitled to receive for such week, . . . benefits reduced by the income . . . combined with the United States Social Security Act retirement income, prorated to a weekly basis.
The Industrial Relations Commission reversed, holding that “the claimant is not disqualified from receipt of unemployment compensation benefits until she has exhausted her contribution to her retirement fund.”
The Florida Statute at issue does not qualify or distinguish the disqualification or reduction of benefits on the basis of whether the retirement funds are contributory or noncontributory. When the legislature passes laws it is deemed to have expressed its intent by the words found in the statute. Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693 (1918). That is their prerogative. Courts and other tribunals may not “write in” legislative intent in the absence of the direct or indirect language in support of such intent.
The ruling of the Industrial Relations Commission was hinged upon whether respondent was “receiving back her investment in [the] fund.” Since the controlling statute is devoid of any reference to such a criterion, the Industrial Relations Commission’s order deviates from the statute and is contrary to the essential requirements of law.
Certiorari granted.
HOBSON, Acting C. J., and GRIMES, J., concur.