355 So.2d 159 (1978)
CITY OF FORT LAUDERDALE, Petitioner,
v.
Edward J. FOWLER, Respondent.
No. 77-860.
District Court of Appeal of Florida, Fourth District.
February 14, 1978.
Bryson K. Lovejoy and Sydney H. McKenzie III, Fort Lauderdale, for petitioner.
No appearance for respondent.
DOWNEY, Judge.
The City of Fort Lauderdale petitions for a Writ of Certiorari to review an order of the Industrial Relations Commission which held that Respondent, Edward J. Fowler, was entitled to Unemployment Compensation benefits even though he was retired from and receiving retirement benefits from said City.
It appears that Fowler became employed as a fireman with the City of Fort Lauderdale in January 1956 and remained in that occupation until his retirement in January 1976. In 1957 the City of Fort Lauderdale established a pension plan for city employees including firemen. In 1963 the City established a supplementary pension plan for members of the fire department. Fowler voluntarily joined both plans. In January 1976 Fowler had accumulated twenty years with the City and was over 50 years of age and thus he was required under the plan to retire. During the period of time *160 that Fowler was a member of the plan both he and the City were required to make periodic contributions thereto.
Shortly after retirement and while being paid his pension of $721.37 per month Fowler made an application for unemployment compensation. The Claims Examiner denied this application; the Appeals Referee affirmed that decision. However, the Industrial Relations Commission reversed the Appeals Referee and held Fowler was entitled to unemployment compensation benefits. That order is the subject of this review. In its Order the Commission stated:
"The claimant was mandatorily retired from his employment on February 1, 1976. The claimant is receiving a pension from a base period employer amounting to $721.37 per month. Prorated to a weekly basis, the claimant receives $166 per week in pension benefits. The Referee found the claimant disqualified from receipt of benefits because the retirement benefits he is receiving from a base period employer exceed his weekly benefit amount of $82.
"The record indicates that the claimant contributed $7,346.14 to the pension plan. Therefore, the retirement benefits the claimant is presently receiving is merely a recapture of his own funds. We have consistently held that retirement benefits based on the claimant's contributions should not be offset against the weekly benefit amount in determining the claimant's entitlement for benefits. Therefore, the decision of the Appeals Referee must be reversed. This is but one further example of the injustice and inefficiency that must necessarily follow a policy wherein supposedly fair and impartial hearings are conducted by persons who submit to dictates imposed by their administrative superiors  and, further, as is the case here, when those superiors select, arbitrarily, what law the Hearing Officer should honor and what law he should not."
We note with interest the Commission's comment that it has consistently held that retirement benefits based upon a claimant's contribution should not be offset against the weekly benefit amount in determining the claimant's entitlement to benefits. However, we are unable to find any support for this tradition. Any such commission policy[1] in any event would appear to be inappropriate today in view of the express provisions of Section 443.06(8), Florida Statutes. The pertinent part of that section provides:
"443.06 Disqualification for benefits.  An individual shall be disqualified for benefits:
(8) For any week with respect to which he has received, or is eligible to receive, from a base period employing unit, income from a retirement, pension or annuity program embodied in a union contract or either a public or private employee benefit program. Provided, however, that for any week in which income from a retirement, pension or annuity program as referred to in this subsection when combined with income from the retirement provisions of the United States Social Security Act is less than the weekly benefits which would otherwise be due under this chapter he shall be entitled to receive for such week, if otherwise eligible, benefits reduced by the income from the retirement, pension, or annuity program combined with the United States Social Security Act retirement income, pro-rated to a weekly basis. For the purpose of this subsection benefits from the United States Social Security Act, a disability benefit program, a supplemental unemployment benefit program, or any other program not specifically designated either in the union contract or a company benefit program as being retirement, pension or annuity income shall not be disqualifying... ."
The manner in which we are charged to construe the Unemployment Compensation Act cannot be better described than it was in Williams v. State of Florida, Department of Commerce, 260 So.2d 233 *161 (Fla. 1st DCA 1972), wherein the Court said:
"... [T]he Unemployment Compensation Law is remedial, humanitarian legislation and should be liberally and broadly construed." Id. at 234.
With that admonition in mind we interpret Section 443.06(8) as controlling in the case at bar. The language of that subsection clearly provides that in the factual situation presented here that Fowler is not entitled to unemployment benefits unless his pension amounts to less per week than those benefits.[2] We are unable to find any statutory exception carved out of subsection (8) which allows a pensioner to collect unemployment benefits for that period of time when he might be considered to be receiving a return of his contribution to the pension fund. Surely had the legislature intended to allow a pensioner to receive benefits for that period of time when he could be considered to be recouping his contribution to the retirement plan it could easily have so provided.
As noted above, the Industrial Relations Commission stated in the order we are reviewing that the first $7,346.14 which Fowler received under his pension rights was simply a return of his contribution and thus should not be credited against his unemployment benefits. As proof of the soundness of that position Fowler relies on the asserted fact that under the Internal Revenue Code no pension payments are taxable until the pensioner has recaptured all of his contribution to the pension fund. This is not a novel argument as a study of the various case authorities indicates. However, we are not impressed with the soundness of the position.
In Rogers v. District Unemployment Compensation Board, 290 A.2d 586 (D.C. Cir.1972), the Petitioner retired from the United States Postal Service. He filed a claim for unemployment benefits and argued that the initial payments made to him from the pension fund represented a return of his own contributions and that those payments should not be deducted from his potential unemployment benefits until he had recovered his full contribution to the fund and began to receive benefits based upon his employer's contribution. As authority for his contention petitioner cited 26 U.S.C.A. § 72(d) (1970) which permits an individual to exclude from gross income "an amount equal to the consideration for the contract (annuity) contributed by the employee."
The District of Columbia Unemployment Compensation Code provision provided:
"Benefits payable to an individual with respect to a week shall be reduced, under regulations prescribed by the Board, by any amount received with respect to such week as a retirement pension or annuity under a public or private retirement plan or system provided, or contributed to, by any base period employer...."
The Rogers court disposed of petitioner's contention as follows:
"... [P]etitioner argues that the initial payments made to him from the Fund represent a return of his own contributions, and that these payments are not to be used as a deduction against his potential benefit amount until he has recovered the full amount of his contribution to the Fund and begins to receive payments based on his employer's contribution. In support of this contention petitioner relies on a section of the federal tax laws, 26 U.S.C.A. § 72(d) (1970), which permits an individual to exclude from gross income `an amount equal to the consideration for the contract [annuity] contributed by the employee.
"We do not find this reliance on the Internal Revenue Code persuasive. We agree with the Superior Court of Pennsylvania's analysis of the same issue.

*162 `This provision of the Revenue Act [§ 72(d)] is applicable only when the aggregate amount receivable by the employe in the first three years is equal to or greater than the amount contributed by the employe. It does not mean that the payments received by the appellant constitute a return of his own funds until the sum which he contributed is exhausted. It is an arbitrary exception to § 72(b) of the Internal Revenue Code which establishes a formula based upon the taxpayer's contribution to the fund from which the pension is paid. [Yeager v. Unemployment Compensation Board of Review, 196 Pa. Super. 162, 173 A.2d 802, 804-805 (1961).] [Emphasis supplied.]'"
A similar argument has been made and rejected in other cases.[3] See: Bullerman v. Michigan Employment Security Commission, 25 Mich. App. 242, 181 N.W.2d 330 (1970); Yeager v. Unemployment Compensation Board of Review, 196 Pa.Super. 162, 173 A.2d 802 (1961); Holmes v. Cook, 45 Ala.App. 688, 236 So.2d 352 (1970).
Holmes, supra espouses a further argument contradicting petitioner's position. That argument is that if the intent of the legislature in enacting 443.06(8) was other than to disqualify all who receive pension payments from a base period employer it would discourage the establishment of pension or retirement plans by employers. If after contributing to a pension plan providing for payment of a pension, an employer were further penalized by being required to make contributions for unemployment compensation benefits to that same retired employee, there would be a chilling effect upon the employer's willingness to contribute to a pension fund. There would be a chilling effect because the employer who did not contribute to a pension or retirement fund would only be liable to contribute to the unemployment compensation fund. He would escape the double contribution.
The only Florida case called to our attention which is of interest on the subject is St. Joe Paper Company v. Gautreaux, supra. In that case Gautreaux was retired from St. Joe Paper Company under a plan contained in a union bargaining contract with the company, which plan required retirement at age sixty-five. Gautreaux's pension amounted to less than the amount he would have received as unemployment benefits. The Florida Industrial Commission granted benefits and the District Court affirmed. The court held that Gautreaux had not voluntarily left his employment and therefore he did not fall within the purview of Section 443.06(1), Florida Statutes and was not disqualified for benefits. The District Court took pains to review authorities from all over the United States because of the great diversity of opinion on the subject, and we certainly find no fault with the decision. However, nowhere in the extensive opinion does that court mention section 443.06(8) which we find is now decisive of the question. No doubt the reason subsection (8) was not mentioned is that it probably was not applicable since the legislature first enacted subsection (8) during the 1965 legislative session.
In any event, we hold that Section 443.06(8), Florida Statutes (1975) is dispositive of this case and that it disqualifies Fowler from receiving unemployment compensation benefits since his weekly pension benefits are greater than the unemployment benefits.[4]
Accordingly, the Petition for Certiorari is granted, the order of the Industrial Relations Commission is quashed and the cause is remanded to the Industrial Relations *163 Commission with directions to affirm the Order of the Appeals Referee.
ANSTEAD and LETTS, JJ., concur.
NOTES
[1] See St. Joe Paper Company v. Gautreaux, 180 So.2d 668 (Fla. 1st DCA 1965).
[2] This case does not involve any benefits payable to Fowler under the "United States Social Security Act, a disability benefit program, a supplemental unemployment benefit program, or any other program not specifically designated either in the union contract or a company benefit program as being retirement, pension or annuity income ...". Section 443.06(8), Florida Statutes.
[3] On the eve of publication of this opinion we note the case of Florida Department of Commerce Division of Employment Security v. Todd, 353 So.2d 662 (Fla. 2d DCA 1978), Opinion filed Jan. 4, 1978, in which that Court came to the same conclusion which we do in the case at bar.
[4] The Department of Commerce, Division of Employment Security filed a waiver of its right to file a brief in this case. We have sorely missed the assistance which such a brief may well have furnished this court.