GRANT *v.* CITY OF ALPENA.[1]

1. STATUTES—WHEN OPERATIVE.

No law, nor any single provision thereof, can begin to speak until it takes effect.

2. MUNICIPAL CORPORATIONS—AMENDMENT OF CHARTER—POWER TO REMOVE OFFICERS.

A charter provision authorizing the common council to appoint a certain officer, and to remove him at pleasure, remains in force after the taking effect of an amendment providing for the creation of a municipal board at a specified time in the future, which should have the appointment of such officer, until the provision last mentioned becomes operative.

Error to Alpena; Kelley, J. Submitted November 20, 1895. Decided December 10, 1895.

Case by James F. Grant against the city of Alpena for maliciously preventing plaintiff from performing the duties of city marshal. From a judgment for plaintiff, defendant brings error. Reversed.

*I. S. Canfield,* for appellant.

*J. D. Turnbull,* for appellee.

[1] Rehearing denied January 30, 1896.

GRANT, J.   By the defendant's charter, as it was prior
to the amendment of 1891,[1] the common council was au-
thorized to appoint a marshal, and to remove him at
pleasure.   May 20, 1891, plaintiff was appointed mar-
shal for the ensuing year, at a salary of $1,000.   A new
common council went into office early in August, under
the amended charter of 1891, approved July 2, 1891, and
ordered to take immediate effect, and August 17th de-
clared the office of marshal vacant, and appointed a new
man to fill the place.

The amended charter provided for a board of police
commissioners, to be appointed on the nomination of the
mayor after the annual election in 1892, the first Monday
in April, and before May 1st.   To this board, when so
appointed, were committed the appointment of a mar-
shal and the control and management of the police de-
partment of the city.   By this amendment, the power to
appoint a marshal was taken away from the common
council, and lodged in this board.   The effect was either
to abolish the office of marshal during the interim from
July 2d to some time after April 1st, when the board
should be appointed, or to leave the office in the control
of the council until that time.   The result of either hold-
ing would be to defeat the plaintiff's claim.

A law or any single provision thereof cannot begin
to speak until it takes effect.   *Rice* v. *Ruddiman,* 10 Mich.
125; *Price* v. *Hopkin,* 13 Mich. 318.   Had the act provided
that it should go into effect at the election in April, 1892,
clearly the old charter would have remained in force
until then.   The same rule applies to any provision of the
act.   The police department was left in the control of the
council until transferred to the board of commissioners,
which could not be done until April, 1892.

The object of this suit is to recover the salary for the
remainder of the term for which plaintiff was appointed.

[1] Act No. 393, Local Acts 1891.

The court should have directed a verdict for the defendant.

Judgment reversed, and no new trial ordered.

McGRATH, C. J., LONG and MONTGOMERY, JJ., concurred. HOOKER, J., did not sit.