Karen Lanette **DOMINGUEZ**, Appellant,

v.

The **CITY OF TULSA**, Appellee.

No. M–75–61.

Court of Criminal Appeals of Oklahoma.

Aug. 14, 1975.

John Street, Tulsa, for appellant.

Waldo F. Bales, City Atty., Ronald D. Wood, Asst. City Atty., Tulsa, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Karen Lanette Dominguez, hereinafter referred to as defendant, was charged, tried and convicted in the Municipal Court of the City of Tulsa, Oklahoma, for the offense of Outraging Public Decency. Her punishment was fixed at a fine in the amount of Three Hundred ($300) Dollars and ten (10) days' imprisonment in the city jail. From said judgment and sentence, a timely appeal has been perfected to this Court.

In light of the decision that this case must be reversed and remanded for a new trial, this Court deems it unnecessary to recite the facts of the alleged offense.

Briefly mentioning the first proposition of the defendant, wherein she asserts

that the prosecution failed to show that anyone was offended by defendant's dance and that, as a result, the case should have been dismissed, this Court would call to the attention of the defendant the fallacy of that contention. The charged offenses in the cases cited by the defendant, *Rachel v. State,* 71 Okl.Cr. 33, 107 P.2d 813 (1940), and *Haines v. State,* Okl.Cr., 512 P.2d 820 (1973), offered in support of the aforesaid proposition, were based on 21 O.S.1971, § 1021, an indecent exposure statute. One of the elements of that offense, indecent exposure, is that someone must be offended by the act. We are not dealing with an offense under the indecent exposure statute. Under the offense "outraging public decency" no similar element must be proven.

The defendant's second assignment of error proposes that the trial court erred in not accepting requested instructions offered by the defendant. It is on the basis of this proposition that we reverse and remand this cause to the lower court for a new trial.

The instruction which the defendant sought to have included within those of the trial court consisted of the requisites set forth in *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), establishing the test for obscenity, which is stated as follows:

"The basic guidelines for the trier of fact must be: (a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest, *Kois v. Wisconsin,* supra, 408 U.S. 229, at 230, 92 S.Ct. 2245, 33 L.Ed. 2d 312, quoting *Roth v. United States,* supra, 354 U.S. 476, at 489, 77 S.Ct. 1304, 1 L.Ed.2d 1498; (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a

whole, lacks serious literary, artistic, political, or scientific value. . . ."

■ Before going any further, we choose to deal with the prosecution's contention that the offense with which the defendant is charged is not based on obscenity, but rather is based on prohibited *conduct,* and is therefore outside the context of *Miller,* supra. This contention is void of any logical reasoning. The forbidden conduct must be illegal because of the nature of that conduct. Conduct in itself is not illegal. And, case law squarely places the act complained of as one which falls within the form of conduct which fits within the category of offenses which must be tried on basis of obscenity standards. The manipulation of terminology will not provide a device by which one may circumvent those rules and guidelines handed down by the Supreme Court, established specifically for the purpose of aiding juries in determining what is and what is not obscene. We therefore conclude that *Miller,* supra, is most applicable and appropriate as a source of authority for the case at bar.

■ We are not holding that the specific instruction offered by the defendant adequately complies with those requisites in *Miller,* supra. However, as the defendant proposes, some instructions bearing on the *Miller* decision should have been submitted to the jury.

■ The trial court, in essence, instructed the jury that they were to determine whether or not the material allegations set forth in the information were established by the evidence. The allegations in the information charged the defendant with outraging public decency by "dancing in the nude and exposing pubic area." When considering the fact that this is an obscenity issue, the instructions were incomplete and did not apprise the jury of those elements which constitute obscenity.

■ Instructions to the jury must set forth what constitutes obscenity. The trial

court must incorporate into its instructions those guidelines which the Supreme Court has handed down. As a guide in writing instructions which comply with the *Miller* standards, one might see *Hanf v. State,* Okl.Cr., 536 P.2d 936 (1975), in which this Court approved the instruction as being in substantial compliance with *Miller*. Those instructions were written for juries dealing with obscene magazines, and must therefore be adapted to fit the particular form of obscenity which is alleged.

For the foregoing reasons, this Court holds that, by virtue of *Miller,* the jury must be presented with instructions which afford them a means to properly determine whether or not the alleged conduct was, or was not, obscene. Any failure to so instruct constitutes reversible error. Therefore, the failure of the court, in the instant case, was reversible error and the conviction is, accordingly, *reversed*.

BLISS, J., concurs.