**Ella Lou RIDGEWAY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–76–186.**

Court of Criminal Appeals of Oklahoma.

Aug. 2, 1976.

Rehearing Denied Aug. 31, 1976.

Thomas W. Whalen, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Judge:

Appellant, Ella Lou Ridgeway, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. CRM–75–1003, for the offense of Outraging the Public Decency, in violation of 21 O.S. 1971, § 22. Her punishment was fixed at a fine of Five Hundred Dollars ($500.00), and from said judgment and sentence a timely appeal has been perfected to this Court.

The State called only one witness, Buddy Warien, Deputy Sheriff of Tulsa County. He testified that on the night of September 13, 1975, he went to the Ore House Club, located in Tulsa County, but not in the Tulsa City limits, to observe whether the club allowed minor girls to dance, whether there was nude dancing or if mixed alcoholic drinks were being served. He arrived at the club at 11:30 P.M.

He testified he observed the defendant, who he identified in court, perform her dance routine on two separate occasions. He stated that in both performances the defendant appeared on the stage wearing a full length negligee, stripped to a g-string and a see-through brassiere and then became completely nude. Each dance routine lasted approximately ten minutes and was performed to music. In the last four minutes of her routine, when she was nude, the Deputy stated that she danced in a way designed to arouse the audience, although he himself was not aroused. When she danced the first time the Deputy was seated five feet from the stage; however, during her second performance he was seated approximately a foot and a half from the stage. It was during the second performance, as related by the Deputy, that he could see the labia of her private parts as she squatted during part of her performance.

The Deputy further testified that he was in the club for a period of two hours and that between the time of 11:30 P.M. and 12:30 A.M., the doors of the club were not locked, but thereafter they were. The Deputy also stated that at the time of the defendant's arrest, which was approximately 1:30 A.M., she was fully clothed and was not performing.

John Street testified for the defendant stating that he was a criminal defense attorney and that he was defense counsel for cases docketed on the City of Tulsa criminal docket wherein the charges were for Outraging Public Decency. He testified that based upon his personal knowledge, dancers in the beer bars in the City of Tulsa were dancing in the nude.

At the conclusion of the testimony of Street, both the State and the defendant rested.

In his first assignment of error the defendant raises the issue of whether expert evidence of contemporary community standards must be produced by the State where the alleged obscene conduct of a nude performer in a private establishment is a basis for a charge of Outraging Public Decency.

The defendant asserts that the law of this jurisdiction requires expert testimony

or other evidence of obscenity where the alleged obscene materials themselves are not placed into evidence. As authority he cites *Ramirez v. State*, Okl.Cr., 430 P.2d 826 (1967), and *McCrary v. State*, Okl.Cr., 533 P.2d 629 (1974). This assertion is not warranted from this authority cited and is clearly erroneous. The *McCrary* case expressly overruled the *Ramirez* holding concerning the necessity of ancillary evidence and held, in regard to books, magazines, pictures, and photographs, that although the prosecution may present expert testimony in an obscenity case, it is not a mandatory prerequisite to establishing a prima facie case under an obscenity statute. In *Kaplan v. Calif.*, 413 U.S. 115, 93 S.Ct. 2680, 37 L.Ed.2d 492 (1973), the Supreme Court, citing *Paris Adult Theater I v. Slaton*, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973), held that there is no constitutional need for expert testimony on behalf of the prosecution or for any other ancillary evidence of obscenity once the allegedly obscene material themselves are placed in evidence.

In the case at bar we are not dealing with materials that may be physically placed into evidence, but with a nude performance which was described by a credible witness. In *Erznoznik v. City of Jacksonville*, 422 U.S. 205, 95 S.Ct. 2268, 45 L.Ed.2d 125 (1975) the Supreme Court stated that all nudity cannot be deemed obscene. But here we have more involved than just nudity, we have the conduct of a nude performer which is alleged to be obscene. Therefore, the performance of the defendant, charged as Outraging Public Decency, falls within the form of conduct which is included within the category of offenses required to be tried on the basis of obscenity standards. *Dominguez v. City of Tulsa*, Okl.Cr., 539 P.2d 758 (1975).

The standards to determine what is or what is not obscene are those set out by the Supreme Court in *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). These standards were presented to the jury in Instruction No. Three which reads as follows:

"If you find that: (1) The act of the defendant depicted or described sexual conduct in a patently offensive way, and (2) that the average person in applying contemporary community standards would find the dance, taken as a whole, appealed to one's prurient interest and (3) the act or conduct of the defendant taken as a whole, lacked literary, political, artistic or scientific value, then you shall find the defendant guilty.

The term 'patently' means clearly and obviously.

In applying contemporary community standards the test is not what your personal moral standards are, or whether you would find the act or conduct of the defendant offensive. The act or conduct's impact on an average reasonable person must be determined, not the impact on a particularly susceptible or sensitive person, or indeed, a totally insensitive one.

The term 'prurient' means: (a) impure in thought and desire, (b) having lustful desire or cravings, (c) longing, desirous."

The defendant argues that because there was no visual evidence of the defendant's conduct and that supposedly the average juror has no knowledge of the contemporary community standards which govern such a live performance, the jury's decision of the defendant's guilt based only upon the testimony of the arresting officer would be the product of speculation. Thus, the defendant contends that expert testimony is necessary to inform the jury of what the contemporary standards are in relation to the alleged obscene conduct. We disagree. Based upon the testimony of the Deputy and the instruction that was given, especially the application of the community standard, we are of the opinion that expert testimony was not required or needed, and that in a case like this the jury is qualified to determine the contemporary community

standards. We think that it may fairly be said that no amount of testimony by an expert witness could add much to the ability of the jury to apply the contemporary community standard to defendant's conduct. Therefore, we find this assignment of error to be without merit.

In her second assignment of error, the defendant contends that the trial court erred in sustaining an objection to the introduction of testimony concerning contemporary community standards on the grounds that it was irrelevant and immaterial. Defense counsel called John Street as a defense witness who testified that he was an attorney and that on the Tulsa County Municipal Court Docket of October 17, 1975, he was representing persons charged with Outraging the Public Decency. He was asked by defense counsel as to the disposition of these cases and whether the City of Tulsa's policy was to prosecute such cases. Both questions were objected to on the grounds of being irrelevant and immaterial and the objections were sustained by the court. The witness was allowed to testify that dancers in beer bars in the City of Tulsa were dancing in the nude.

■ The defendant asserts that the testimony he attempted to elicit from the witness' was for the purpose of showing contemporary community standards, and that under *McCrary v. State*, Okl.Cr., supra, the defendant had the right to introduce evidence of contemporary community standards. We agree that the defendant had the right to introduce evidence of contemporary community standards under *McCrary v. State*, supra. However, any evidence, to be admissible, must be relevant to the issues and the relevancy and materiality of evidence are matters within the sound discretion of the trial court whose judgment will not be disturbed on appeal unless there is a clear showing of abuse of that discretion. *Young v. Anderson*, 513 F.2d 969 (10th Cir. 1975). The relevancy of the evidence which defense counsel attempted to introduce was questionable,

therefore, we cannot say the trial court clearly abused its discretion in sustaining the objections to this question.

■ In essence, defendant's third and final assignment of error is that the State's evidence was insufficient to show that the defendant's performance was obscene under the standards set out in *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), and therefore did not substantiate the charge of Outraging Public Decency. We state that this is the essence of the defendant's contention because it is asserted that the *Miller* standards are the essential elements of the offense of Outraging Public Decency. This assertion is incorrect for the reason, as noted previously, that under the ruling *Dominguez v. State*, Okl.Cr., supra, the performance of the defendant is included within the category of offenses required to be tried on the basis of obscenity standards.

■ It is contended, in regard to the *Miller* standards, that the State offered no proof that the defendant's conduct was patently offensive, that it appealed to the prurient interest of any person or group of people, or that the dance, taken as a whole, lacked serious artistic value. We are of the opinion that the testimony of the Deputy Sheriff was sufficient evidence for the jury to determine whether the defendant's performance was obscene in light of the *Miller* standards which were given to the jury in the trial court's instructions. Therefore the jury's verdict that the defendant was guilty of Outraging Public Decency will not be disturbed.

■ Defendant also contends that the State failed to prove that the performance openly outraged public decency as required by 21 O.S.1971, § 22, and as charged in the information. The meaning of "openly" as used in this statute was defined in the fourth syllabus of the court in *Hixon v. State*, 96 Okl.Cr. 311, 254 P.2d 387 (1953), as follows:

"The term 'openly' as used in the statute providing that every person who

willfully and wrongfully commits any act which openly outrages public decency and is injurious to public morals is guilty of a misdemeanor, means in an open manner, not clandestinely, not privately or in private, and is used in the sense of not being concealed as opposed to being hidden or secret."

In reviewing the evidence we find that defendant performed in an establishment that was accessible to the public and that she performed in an open manner inside the establishment. Based upon the evidence and the meaning of "openly" as presented above, the defendant's contention that the State failed to prove her conduct was done openly is without merit.

For all of the above and foregoing reasons, the judgment and sentence appealed from is, accordingly, AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.