The STATE of Oklahoma, Appellant,

v.

Thelma Jane WALKER, Appellee.

No. O-77-95.

Court of Criminal Appeals of Oklahoma.

Aug. 9, 1977.

Rehearing Denied Sept. 9, 1977.

S. M. Fallis, Jr., Dist. Atty., Marin E. Spears, Asst. Dist. Atty., Tulsa County, for appellant.

Gordon D. McAllister, Jr., David Cole, Legal Intern, Tulsa, for appellee.

## OPINION

BRETT, Judge:

The State appeals from the decision of the Honorable S. T. Coleman, Judge of the District Court, Tulsa County, Oklahoma, granting defendant's motion for a directed verdict for the crime of Outraging Public Decency.

Thelma Jane Walker, hereinafter referred to as defendant, was charged under 21 O.S.1971, § 22, with wilfully and wrongfully committing an act injurious to public morals and openly outraging public decency by "exposing her breasts and pubic area and placing her vagina in close proximity to a male patron's face and committing lewd and lascivious gestures by rubbing her abdomen and pubic area with her hands and fingers, all calculated to arouse the prurient interests of patrons present, in a public place," to-wit: Satan's Lounge in Tulsa, Oklahoma.

The State's evidence regarding the conduct which the State alleges constituted conduct outraging public decency consisted of the testimony of C. L. Lewis of the Tulsa Police Department. He testified that the defendant removed her costume and danced to music. According to the officer, while defendant was dancing she exposed her breasts and vulva and she rubbed her pubic hair with her hands. Then she turned around and bent over, exposing herself to the patrons of Satan's Lounge, who according to the officer were smiling and clapping their hands. The investigator testified that after the defendant finished her dance, he went outside and told his partner what he had seen, and then they both walked back to place her under arrest. As they were approaching the door of Satan's Lounge, the defendant came out with an older gentleman, at which time the two officers arrested her.

Upon the close of the State's evidence the lower court granted the defendant's motion for a directed verdict, which the parties referred to as a demurrer. The State has appealed on the reserved question of law of whether the trial court abused its discretion in sustaining the defendant's demurrer to the evidence.

This Court has held in *Dominguez v. City of Tulsa,* Okl.Cr., 539 P.2d 758 (1975), that a charge of outraging public decency by dancing in the nude must be considered under the criteria set out in *Miller v. California,* 413 U.S. 15, 25, 93 S.Ct. 2607, 2615, 37 L.Ed.2d 419 (1973). In that case the United States Supreme court said that in an obscenity case the basic guidelines for the trier of the fact must be:

". . . (a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest, . . . (b) whether the work depicts or describes, in a patently offensive way, *sexual conduct specifically defined by the applicable state law*; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value. . . ." (Citations omitted, emphasis added)

The statute under which the defendant was charged reads in its entirety:

"Every person who wilfully and wrongfully commits any act which grossly injures the person or property of another, or which grossly disturbs the public peace or health, or which openly outrages public decency, and is injurious to public morals, although no punishment is expressly prescribed therefor by this Code, is guilty of a misdemeanor." Title 21 O.S.1971, § 22.

Nowhere does the statute mention any form of sexual conduct, much less specifically define it as required by the guidelines set out in *Miller v. California,* supra. Therefore, we must hold that it is constitutionally impermissible to charge a person under 21 O.S.1971, § 22, Outraging Public Decency, for nude dancing, and we thereby specifically overrule the case of *Ridgeway v. State,* Okl.Cr., 553 P.2d 511 (1976).

It is still possible to charge one with Indecent Exposure because 21 O.S.1971, § 1021, specifically prohibits wilfully and lewdly exposing one's person or private parts in any public place or in any place where there are present other persons to be

offended or annoyed thereby. However, the prosecutor must be mindful of the standards set out in *Miller v. California,* supra, regarding the First Amendment rights of any defendants, and of the requirements under the indecent exposure statute as set out in *Haines v. State,* Okl.Cr., 512 P.2d 820 (1973).

We therefore *AFFIRM* the lower court's dismissal of the action against the defendant.

BUSSEY, P. J., concurs specially.

BUSSEY, Presiding Judge, specially concurring:

The acts complained of fall adequately within the purview of 21 O.S.1971, § 1021 for which specific punishment is provided, thus removing it from the provision of 21 O.S.1971, § 22, which states in pertinent part:

". . . or which openly outrages public decency, and is injurious to public morals, *although no punishment is expressly prescribed therefor by this Code.* . ."

For this reason I join my colleague, Judge Brett in affirming the action of the trial court. I would further observe that where a specific act is defined and a punishment prescribed therefor under the laws of the State of Oklahoma, the prosecution should not be laid under the general provisions of 21 O.S. 1971, § 22.