BUNDO v LIQUOR CONTROL COMMISSION

BUNDO v OAKLAND COUNTY PROSECUTOR

Docket Nos. 78-2272, 78-2744. Submitted June 14, 1979, at Lansing.—Decided August 20, 1979. Leave to appeal denied, 407 Mich 900.

Plaintiffs, Ben Bundo, Sr., and Ben Bundo, Jr., are the owners and operators of the Camelot Inn in the City of Walled Lake. Camelot Inn is an establishment licensed by the defendant Liquor Control Commission to sell liquor by the glass. The Liquor Control Commission adopted a regulation prohibiting exhibitions of nudity, either live or electronically reproduced, in establishments licensed to sell liquor by the glass. Prior to the adoption of the rule plaintiffs allowed topless and bottomless dancing at the Camelot Inn, and they continued to allow nude dancing afterwards. Plaintiffs filed a complaint in the Oakland Circuit Court against the Liquor Control Commission to declare the rule unconstitutional. Prior to a decision in that case a squad made up of officers from the Michigan State Police Department, Walled Lake City Police Department and the Oakland County Prosecutor's Office raided the Camelot Inn. Plaintiffs filed a complaint against the various law enforcement agencies for an injunction prohibiting the authorities from attempting to initiate further criminal proceedings based upon violation of the Liquor Control Commission rule against nudity pending the outcome in the declaratory judgment action. The trial court, Richard D. Kuhn, J., in the former case, declared the rule to be constitutional and, in the latter case, denied injunctive relief. Plaintiffs appealed and the cases were consolidated. *Held:*

1. The Michigan obscenity statutes have not divested the Liquor Control Commission of the power to prohibit displays of nudity by its on-premises licensees.

2. A regulation of the Liquor Control Commission prohibiting

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 45 Am Jur 2d, Intoxicating Liquors § 285.

Topless or bottomless dancing or similar conduct as offense. 49 ALR3d 1084.

[3] 45 Am Jur 2d, Intoxicating Liquors § 26.

[4] 45 Am Jur 2d, Intoxicating Liquors § 191.

displays of nudity by its on-premises licensees is not violative on its face of the First and Fourteenth Amendment protections and is not an ex post facto law.

3. The Michigan Constitution allowed the Legislature to establish a Liquor Control Commission which shall exercise complete control, subject to statutory limitations, of the alcoholic beverage traffic within the state, including retail sales, and the fact that the Legislature has not, in its discretion, chosen to limit the scope of the constitutional delegation of power violates no constitutional proscription.

Affirmed.

T. M. BURNS, J., concurred in the reasoning of the Court. However, in oral argument, plaintiffs requested that their license be returned upon assurances that they would comply with the regulations of the Liquor Control Commission. He would retain jurisdiction to allow plaintiffs time to make a proper motion so that the Court of Appeals could determine whether they are entitled to have their license restored.

### OPINION OF THE COURT

1. OBSCENITY — INTOXICATING LIQUORS — STATUTES — LIQUOR CONTROL COMMISSION — REGULATION — DIVESTMENT.

The Michigan obscenity statutes have not divested the Liquor Control Commission of the power to prohibit displays of nudity by its on-premises licensees (MCL 750.343 *et seq.;* MSA 28.575[1] *et seq.).*

2. INTOXICATING LIQUORS — OBSCENITY — LIQUOR CONTROL COMMISSION — REGULATION — CONSTITUTIONAL LAW.

A regulation of the Liquor Control Commission prohibiting certain displays of nudity by its on-premises licensees is not violative on its face of the First and Fourteenth Amendment protections and is not an ex post facto law (1977 AACS R 436.37).

3. INTOXICATING LIQUORS — LIQUOR CONTROL COMMISSION — DELEGATION OF POWER — CONSTITUTIONAL LAW.

The Michigan Constitution allows the Legislature to establish a Liquor Control Commission which shall exercise complete control, subject to statutory limitations, of the alcoholic beverage traffic within the state, including retail sales, and the fact that the Legislature has not, in its discretion, chosen to limit the scope of the constitutional delegation of power violates no constitutional proscription.

CONCURRENCE OF T. M. BURNS, J.

4. APPEAL AND ERROR — COURT RULES — INTOXICATING LIQUORS — LIQUOR LICENSES.

The Court of Appeals may not consider a motion, made during oral argument, for the return of a liquor license upon assurance of future compliance with the rules of the Liquor Control Commission; however, it does have the power to retain jurisdiction to allow a party an opportunity to file a formal motion for the return of the license (GCR 1963, 820.1).

*Paul G. Valentino, J.D., P.C.,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *A. C. Stoddard* and *Richard I. Rubin,* Assistants Attorney General, for defendant Liquor Control Commission, and *Thomas A. Kulick,* Assistant Attorney General, for defendant Michigan State Police Department.

*L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Lawrence J. Bunting,* Assistant Prosecuting Attorney, for defendants Oakland County Prosecutor and Assistant Oakland County Prosecutor.

*Brennan & Bibeau, P.C.* (by *Richard J. Poehlman),* for defendant Walled Lake Police Department.

Before: ALLEN, P.J., and T. M. BURNS and D. E. HOLBROOK,* JJ.

ALLEN, P.J. Are rules of the Michigan Liquor Control Commission prohibiting topless and bottomless dancing valid, constitutional exercises of

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the state's police power or do they violate the First or Fourteenth Amendment of the United States Constitution? The trial court held such rules valid and plaintiffs appeal of right.

Plaintiffs are the owners and operators of the Camelot Inn in the city of Walled Lake, Oakland County, Michigan, an establishment licensed to sell liquor by the glass by the Michigan Liquor Control Commission. On October 14, 1977, the Liquor Control Commission adopted rules and regulations prohibiting on-premises licensees from allowing nudity or performing explicit sexual activities on the premises. Rule 436.37 provides as follows:

"R436.37. Nudity prohibited; applicability to electronic reproduction.

"Rule 37.(1) An on-premise licensee shall not suffer or allow in or upon the licensed premises a person who exposes to public view the pubic region, anus, or genitals, as well as other types of nudity prohibited by statute or local ordinance.

"(2) An on-premise licensee shall not suffer or allow in or upon the licensed premises the showing of films, television, slides, or other electronic reproduction depicting scenes wherein any person exposes to public view the pubic region, anus, or genitals, as well as other types of nudity prohibited by statute or local ordinance. This prohibition shall not apply to any publicly broadcast television transmission from a federally licensed station." 1977 AACS R 436.37.

For more than two years prior to the adoption of rule 37.(1) plaintiffs had permitted topless and bottomless dancing on the premises. Subsequent to the adoption of the rules, nude dancing by female entertainers continued and, on December 14, 1977, a complaint was issued against plaintiffs alleging plaintiffs violated Rule 436.37 by permitting three

female entertainers to dance in the altogether on the premises. Hearing on the complaint was scheduled for January 30, 1978, but on January 20, 1978, plaintiffs filed a complaint for declaratory judgment in the Circuit Court in Oakland County, alleging that Rule 436.37 was unconstitutional, said action being docket #78-2272.

On May 24, 1978, while decision on the merits of the complaint for declaratory judgment was pending, a combined squad of officers from the Michigan State Police, the Walled Lake City Police Department, and the Oakland County Prosecutor's Office "raided" the Camelot Inn arresting all of the dancers present, the bar manager, the cashier and the parking lot attendant. Claiming harassment, plaintiffs petitioned the trial court for a restraining order enjoining the police authorities from attempting to enforce Rule 436.37 pending decision by the trial court. When that petition was denied on grounds that the respective law enforcement agencies were not agents of the defendant Liquor Control Commission, plaintiffs filed a separate complaint in the Circuit Court of Oakland County naming the various law enforcement agencies as defendants. That action is this Court's docket #78-2744.

On June 6, 1978, the Camelot Inn was again raided by the combined forces of the several police agencies and two female dancers were arrested. On June 12, 1978, the trial court issued a declaratory judgment in docket #78-2272, holding the challenged rule of the Liquor Control Commission to be on its face constitutionally valid. On June 13, 1978, the trial judge issued his final order denying a restraining order in docket #78-2744, for the reason that declaratory judgment in the first case made the relief prayed for in the second action

moot. Plaintiffs appealed both cases to this Court, which ordered the cases consolidated.

Although plaintiffs raise seven issues on appeal, we find there is basically but one issue, that issue being whether Rule 436.37 of the Liquor Control Commission is a valid, constitutional exercise of the police power of the State of Michigan. Except for two issues of minor importance, the remaining issues are subdivisions of the charge of unconstitutionality and will fail if the rule is held constitutional.[1]

We reject the charge that the Michigan statutes on obscenity, MCL 750.343a *et seq.;* MSA 28.575(1) *et seq.,* have preempted the power of the Liquor Control Commission to issue regulations governing conduct in licensed establishments. The doctrine of preemption is different from and should not be confused with divestment. Preemption may occur where there is a conflict between the statutes or regulations of the state and Federal government or where the state and a municipality each regulate the same activity. 2 Am Jur 2d, Administrative Law, §§ 211-218, pp 39-48. Michigan's obscenity statutes concern the distribution of obscene films and printed material. Rule 436.37 focuses on conduct in liquor licensed establishments. We find the two activities so different from one another that we cannot conclude that, in the absence of clear

---

[1] Plaintiff claims the rules are unconstitutional because (1) the Michigan obscenity statutes preempt the field; (2) the rules violate the First Amendment of the United States Constitution guarantee of freedom of expression; (3) the rules contravene the equal protection clause of the Fourteenth Amendment of the United States Constitution by discriminating between those which sell liquor and those which do not; (4) the rules are ex post facto laws since nude dancing was lawful for three years prior to the adoption of the rules, and plaintiffs had established a clientele on such basis; (5) in giving the Liquor Control Commission authority to promulgate rules, the Legislature impermissibly delegated its legislative power. Two non-constitutional issues of minor importance were raised.

statutory language to the contrary, the Legislature intended to *divest* the Liquor Control Commission of either its well-established constitutional powers to control alcoholic beverage traffic, *Black v Liquor Control Comm,* 323 Mich 290; 35 NW2d 269 (1948), or of its broad power to regulate the manner in which liquor is sold. *Noey v City of Saginaw,* 271 Mich 595; 261 NW 88 (1935). So drastic a reduction in the powers of the Liquor Control Commission requires more than inference.

The thrust of plaintiffs' claim that Rule 436.37 contravenes the First Amendment guarantee of freedom of expression or the Fourteenth Amendment's guarantee of equal protection is that nude dancing, when not performed in an obviously obscene or offensive manner, is protected by the First and Fourteenth Amendments. *Jenkins v Georgia,* 418 US 153; 94 S Ct 2750; 41 L Ed 2d 642 (1974), *Erznoznik v City of Jacksonville,* 422 US 205; 95 S Ct 2268; 45 L Ed 2d 125 (1975). According to plaintiffs, nude dancing is a constitutionally protected form of expression, losing such protection only when shown to be obscene. *Salem Inn, Inc v Frank,* 522 F2d 1045 (CA 2, 1975), *Attwood v Purcell,* 402 F Supp 231 (D Ariz, 1974), *Lucifer's Gate, Inc v Town of Van Buren,* 83 Misc 2d 790; 373 NYS2d 304 (1975), *State v Walker,* 568 P2d 286 (Okla Crim App, 1977). Plaintiffs state the rule too broadly.

The landmark decision on the question at issue here is *California v La Rue,* 409 US 109; 93 S Ct 390; 34 L Ed 2d 342 (1972), *reh den* 410 US 948; 93 S Ct 1351; 35 L Ed 2d 615 (1973). In that case regulations issued by the California Department of Alcoholic Beverage Control prohibiting naked entertainment in establishments licensed to sell liquor were challenged as being in violation of the

First and Fourteenth Amendments. In sustaining the regulations, the United States Supreme Court drew a distinction between statutes or ordinances which censor dramatic performance in the theater and regulations which only prohibit such exposure in bars and cocktail lounges where liquor is sold.

"The substance of the regulations struck down prohibits licensed bars or nightclubs from displaying, either in the form of movies or live entertainment, 'performances' that partake more of gross sexuality than of communication. While we agree that at least some of the performances to which these regulations address themselves are within the limits of the constitutional protection of freedom of expression, *the critical fact is that California has not forbidden these performances across the board. It has merely proscribed such performances in establishments that it licenses to sell liquor by the drink.*

\*   \*   \*

"The Department's conclusion, embodied in these regulations, that certain sexual performances and the dispensation of liquor by the drink ought not to occur at premises that have licenses was not an irrational one. *Given the added presumption in favor of the validity of the state regulation in this area that the Twenty-first Amendment requires, we cannot hold that the regulations on their face violate the Federal Constitution.*" (Emphasis supplied.) 409 US 109, 118-119.

Appellants claim that *La Rue* is not controlling since the decision refers only to a situation where the nude performances had degenerated into gross sexuality and bacchanalian revelries. We disagree. We read *La Rue* as upholding the facial constitutionality of the challenged regulations. Any doubts as to the scope of that decision were resolved when the Supreme Court denied certiorari in the interpretation given *La Rue* in *Richter v Dep't of Alcoholic Beverage Control of California,* 559 F2d

1168 (CA 9, 1977), *cert den* 434 US 1046; 98 S Ct 891; 54 L Ed 2d 797 (1978). There, plaintiff, who operated an establishment named the "Body Shop", admitted to allowing nude dancing on the premises but, as in the case before us, argued that *La Rue* only erased the First and Fourteenth Amendment protections where the dancing was shown to be more a form of gross sexuality than an artistic form of expression. The Court rejected plaintiff's interpretation, saying:

"The appellant is incorrect in his contention that it must initially be determined whether the entertainment is more 'gross sexually' than 'communicative expression'. If it is concluded, as it apparently was in *LaRue,* that the combination of nude dancing and alcoholic inebriation increases to an unacceptable level the likelihood of illegal and/or disorderly conduct, the state can properly prohibit the combination of the two. The issue, therefore, is not whether the nude dancing is so near gross sexually as to approach obscenity, but whether nude dancing of any sort when performed in establishments serving liquor is sufficiently likely to cause properly proscribed conduct. Thus, the fact that the nude dancing here may have been entirely tasteful is irrelevant, once it is accepted that the state can constitutionally prohibit the serving of liquor in establishments which provide nude dancing." 559 F2d 1168, 1173.

Accordingly, we conclude that the regulations in question were not facially violative of constitutional protections.

Finally, we hold that the regulations are not ex post facto laws as that term is used in US Const, art I, § 9(3) and Const 1963, art 1, § 10. The regulations do not purport to punish occurrences prior to the date of issue of the regulations. Further, the Liquor Control Commission had never expressly approved topless or bottomless dancing. Since the

rules do not preclude or regulate facts in existence prior to November 13, 1977, the effective date of the rules, they are not ex post facto. *Grant v City of Alpena,* 107 Mich 335; 65 NW 230 (1895), *People v Vickery,* 69 Mich App 183; 244 NW2d 404 (1976).

Plaintiff's claim that the Legislature impermissibly delegated its legislative power when it conferred authority on the Liquor Control Commission to issue rules was not raised below and, consequently, the trial court did not address the issue. Ordinarily we will not decide issues not raised below. *Oakland County v Detroit,* 81 Mich App 308, 313; 265 NW2d 130 (1978), *Falk v Civil Service Commission of Macomb County,* 57 Mich App 134, 137-38; 225 NW2d 713 (1974). Const 1963, art 4, § 40 declares the Legislature may by law establish a Liquor Control Commission which, subject to statutory limitations, shall exercise complete control of the alcoholic beverage traffic within this state, including the retail sales thereof. The constitution has made the delegation directly, and the fact the Legislature has not, in its discretion, chosen to limit the scope of that delegation violates no constitutional proscription.

Affirmed, no costs, a public question being involved.

D. E. HOLBROOK, J., concurred.

T. M. BURNS, J., *(concurring).* I concur and write separately only to address a point raised by plaintiffs in oral argument. There, plaintiffs requested that their liquor license be returned to them upon their assurances that they would hence forth comply with the regulations of the Liquor Control Commission. In light of the fact that plaintiffs have made no formal motion for return of their license, it would be inappropriate for such relief at

this time. However, if plaintiffs are in compliance with the Liquor Control Commission regulations, I would give them back their license. Therefore, I would have this Court retain jurisdiction over this matter in order that plaintiffs could file an appropriate motion so that this panel could determine whether they are entitled to have their license restored. GCR 1963, 820.1. *Barr v Pontiac City Comm,* 90 Mich App 446; 282 NW2d 348 (1979).