STANICH v LIQUOR CONTROL COMMISSION

Docket No. 43822. Submitted December 12, 1979, at Detroit.—Decided February 26, 1980.

The Liquor Control Commission imposed fines and revoked the Class C liquor license of Joseph Stanich, doing business as the Fairlane Cafe, for allowing entertainment on the premises without obtaining a permit and for showing films on the premises depicting explicit sexual conduct, both in violation of commission rules. Stanich filed a complaint for review in Wayne Circuit Court, which affirmed the commission's decision, Harry J. Dingeman, Jr., J. Stanich's motion for a rehearing was denied. He appeals, alleging that there must be a showing that dispensation of liquor by the drink occurred on the licensed premises simultaneously with the proscribed conduct before the rules may be enforced against the licensee. *Held:*

Neither the rules nor case law require a showing that consumption of alcoholic beverages occurred simultaneously with the proscribed conduct.

Affirmed.

INTOXICATING LIQUORS — LIQUOR CONTROL COMMISSION — ADMINISTRATIVE LAW — SEXUALLY EXPLICIT FILMS.

Rules of the Liquor Control Commission which prohibit the showing of films depicting explicit sexual conduct in an establishment which is licensed to sell liquor by the drink do not require a showing that liquor is actually dispensed at such an establishment or that consumption of alcoholic beverages occurred at the same time that prohibited films were shown (1977 AACS R 436.37[2], 436.39[2]).

*Doherty & Thomas, P.C.,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *A. C. Stoddard*

REFERENCE FOR POINTS IN HEADNOTE
[1] 45 Am Jur 2d, Intoxicating Liquor §§ 389, 444.

and *Thomas J. Giachino,* Assistants Attorney General, for defendant.

Before: M. J. Kelly, P.J., and M. F. Cavanagh and P. C. Elliott,* JJ.

Per Curiam. This matter involves three complaints issued by the Michigan Liquor Control Commission against plaintiff Joseph Stanich who did business as the Fairlane Cafe and as such was the holder of a Class C liquor license. Plaintiff was charged with allowing entertainment on the licensed premises without having obtained an entertainment permit, in violation of Michigan Liquor Control Commission Rule 436.14(a) and 436.14(f), 1954 AACS R 436.14(a), (f), and with showing films, on the licensed premises, in which divers persons exposed to public view the pubic region, anus or genitals and which also depicted certain explicit sexual activities, in violation of commission Rules 436.37(2) and 436.39(2), 1977 AACS R 436.37(2), 436.39(2). Hearings on these complaints were held before Liquor Control Commissioner Thomas A. Van Tiem, Sr., on January 12, 1978. On March 6, 1978, Commissioner Van Tiem found that plaintiff had violated commission Rules 436.37(2) and 436.39(2). Plaintiff was fined, and his liquor license was revoked. An appeal hearing was held on April 27, 1978. On May 1, 1978, the appeal board adopted the findings of fact made by the hearing commissioner and affirmed his order.

On May 17, 1978, plaintiff filed a complaint for review in the Wayne County Circuit Court. He claimed that Rule 436.39 was unconstitutional and that the findings and decisions of the Liquor Control Commission were not supported by competent,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

material, and substantial evidence. Wayne County Circuit Judge Harry J. Dingeman, Jr., found plaintiff's constitutional and evidentiary challenges to be without merit and affirmed defendant's order revoking plaintiff's liquor license in an opinion issued on October 26, 1978. A judgment affirming the decision of the Liquor Control Commission was entered on November 17, 1978.

On December 7, 1978, plaintiff filed a motion for a rehearing. Judge Dingeman heard arguments on this motion on January 26, 1979. Plaintiff argued that *California v La Rue,* 409 US 109; 93 S Ct 390; 34 L Ed 2d 342 (1972), *reh den* 410 US 948; 93 S Ct 1351; 35 L Ed 2d 615 (1973), required three elements to be shown: (1) a showing of certain sexual performances, (2) the dispensation of liquor by the glass, and (3) a license. Plaintiff then contended that a new hearing was mandated because no evidence showing the dispensation of liquor by the glass was presented at the administrative hearing. The motion was denied. Plaintiff appeals as of right.

The question presented is whether or not there must be a showing that the dispensation of liquor by the drink occurred on the licensed premises simultaneously with the proscribed conduct before sanctions can be imposed against an on-premise liquor licensee under Michigan Liquor Control Commission Rules 436.37(2) and 436.39(2).

In *California v La Rue, supra,* the constitutionality of certain regulations promulgated by the California Department of Alcoholic Beverage Control was at issue. The regulations prohibited certain sexually explicit live entertainment or films in establishments that were licensed to sell liquor by the drink. The Court held that in view of the states' broad authority to control intoxicating li-

quors under the Twenty-first Amendment, the challenged regulations did not, on their face, violate the Federal Constitution, notwithstanding that the regulations proscribed some acts which were not obscene and which were within the limits of the First and Fourteenth Amendments' protection of freedom of expression. In sustaining the regulations, the United States Supreme Court drew a distinction between statutes or ordinances which censor dramatic performance in the theater and regulations which only prohibit such exposure in establishments where liquor is sold by the drink.

"The substance of the regulations struck down prohibits *licensed bars or nightclubs* from displaying, either in the form of movies or live entertainment, 'performances' that partake more of gross sexuality than of communication. While we agree that at least some of the performances to which these regulations address themselves are within the limits of the constitutional protection of freedom of expression, the critical fact is that California has not forbidden these performances across the board. *It has merely proscribed such performances in establishments that it licenses to sell liquor by the drink.*

\* \* \*

"The Department's conclusion, embodied in these regulations, that certain sexual performances and the dispensation of liquor by the drink ought not to occur at premises that have licenses was not an irrational one. Given the added presumption in favor of the validity of the state regulation in this area that the Twenty-first Amendment requires, we cannot hold that the regulations on their face violate the Federal Constitution." 409 US 109, 118-119. (Emphasis added.)

The rules of the Michigan Liquor Control Commission involved in the instant case are substan-

tially similar to those adopted in California. Rule 436.37(2) provides as follows:

"An on-premise licensee shall not suffer or allow in or upon the licensed premises the showing of films, television, slides, or other electronic reproduction depicting scenes wherein any person exposes to public view the pubic region, anus, or genitals, as well as other types of nudity prohibited by statute or local ordinance. This prohibition shall not apply to any publicly broadcast television transmission from a federally licensed station."

Rule 436.39(2) provides as follows:

"An on-premise licensee shall not suffer or allow in or upon the licensed premises the showing of films, television, slides, or other electronic reproduction depicting scenes wherein a person performs, or simulates performance of, the following explicit sexual activities: sexual intercourse, masturbation, sodomy, bestiality, fellatio, or cunnilingus. This prohibition shall not apply to any publicly broadcast television transmission from a federally licensed station."

This Court recently upheld the constitutionality of Rule 436.37 on the basis of *La Rue. Bundo v Liquor Control Comm,* 92 Mich App 20; 283 NW2d 860 (1979).

The instant case, however, does not involve a constitutional challenge to the rules in question. Rather, plaintiff contends that *La Rue* set forth a two-pronged test which was not met in the instant case. Plaintiff argues that *La Rue* requires a showing of objectionable actions and the dispensing of liquor. Plaintiff cites the following language from *La Rue* to support his contention:

"The Department's conclusion, embodied in these regulations, that certain sexual performances and the

dispensation of liquor by the drink ought not to occur at premises that have licenses was not an irrational one." 409 US 109, 118.

Our reading of *La Rue* is that the phrase "the dispensation of liquor by the drink" refers to a type of license, and not a fact which must be shown in addition to showing that the establishment did indeed have a liquor license. Nor do Rules 436.37 or 436.39 require an evidentiary showing that consumption of alcoholic beverages occurred at the same time the prohibited films were shown. These rules simply state that an "on-premise licensee" shall not show such films in or upon the licensed premises.

In the instant case, the hearing commissioner took administrative notice that plaintiff was a Class C licensee. Plaintiff admitted this fact in his pleadings. By statutory definition a "Class C license" means "any place licensed to sell at retail beer, wine and spirits for consumption on the premises". MCL 436.2t; MSA 18.972(20). Testimony at the administrative hearing established that the proscribed conduct did occur on the licensed premises. Moreover, examination of the two hearing transcripts reveals that the violations of November 14 and 15 of 1977 occurred during the hours of service under 1957 AACS R 436.10.

Neither *La Rue, supra,* nor Rules 436.37(2) and 436.39(2) require an evidentiary showing that consumption of alcoholic beverages occurred simultaneously with the proscribed conduct. It is sufficient to show that plaintiff had a liquor license which permitted the dispensation of liquor by the drink and he allowed the offending entertainment in violation of Michigan Liquor Control Commission Rule 436.14(a) and (f) and Rule 436.37(2) and 436.39(2).

Affirmed.